S92A1153. MOSS v. THE STATE.
(425 SE2d 289)

BENHAM, Justice.

Appellant was indicted for, convicted of, and sentenced for the malice murder, felony murder, and aggravated assault of one victim and the aggravated assault of another.[1] On appeal, he complains of

---

[1] The crimes occurred on March 20, 1991, and appellant was indicted on June 14 of that year. He was tried on March 9-12, 1992, and was sentenced to concurrent life sentences for the murders and ten years imprisonment for each of the aggravated assaults, both to run concurrently with the life sentences. A notice of appeal was filed on March 27, 1992, and the

the denial of a directed verdict of acquittal, the trial court's refusal to charge on accident, and the imposition of multiple sentences for the same conduct.

1. The evidence at trial authorized the jury to find that the following sequence of events occurred. While visiting with acquaintances in appellant's neighborhood, the murder victim told appellant and several other teenagers to stop throwing rocks in the direction of the home in which the victim, a companion, and the companion's four-year-old child (the aggravated assault victim) were visiting. Appellant cursed the victim and left, but returned with a baseball bat and a handgun[2] at about the time the victims were leaving. As the murder victim walked by, holding the four-year-old child-victim, appellant taunted him, hit him in the face with the bat, then fired several shots. One of the shots struck the murder victim in the abdomen and severed his aorta, causing him to bleed to death. Another shot hit the child in the groin. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, there was no error in denying appellant's motion for a directed verdict of acquittal. *Tarwater v. State*, 261 Ga. 655, 656 (409 SE2d 660) (1991).

2. Appellant's complaint that the trial court erred in refusing to give a requested jury instruction on accident with regard to the aggravated assault on the child-victim is controlled adversely to him by *Moses v. State*, 245 Ga. 180 (7) (263 SE2d 916) (1980). There, as here, the uncontradicted evidence showed that the injury-producing action, shooting a pistol, was intentional, not accidental.

3. While there appears no ground for reversal of appellant's convictions for malice murder and the aggravated assault of the child, the convictions and sentences for felony murder and for the aggravated assault of the murder victim must be vacated. The aggravated assault charge, as the underlying charge of felony murder, merges with the felony murder charge (*Woods v. State*, 233 Ga. 495 (212 SE2d 322) (1975)), and the felony murder charge stands vacated by operation of OCGA § 16-1-7. *Wade v. State*, 258 Ga. 324 (2) (368 SE2d 482) (1988). Accordingly, we vacate the convictions and sentences for felony murder and for the aggravated assault of the murder victim. *Johnson v. State*, 254 Ga. 591 (4) (331 SE2d 578) (1985).

*Judgment affirmed in part and reversed in part. Clarke, C. J., Hunt, P. J., Fletcher, Sears-Collins and Hunstein, JJ., concur.*

---

appeal was docketed in this court on June 22, 1992. The case was submitted on briefs on August 7, 1992.

[2] The weapon was a Smith & Wesson .38 pistol which appellant testified he was holding for a friend.

DECIDED FEBRUARY 5, 1993.

Patrick G. Longhi, for appellant.
Lewis R. Slaton, District Attorney, Carl P. Greenberg, Barry I. Mortge, Patsy Y. Porter, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle Strausner, Staff Attorney, for appellee.