## S93A1015. MALCOLM v. THE STATE.
### (434 SE2d 479)

CARLEY, Justice.

Based upon his fatal shooting of one victim, appellant was indicted for five offenses: malice murder; felony murder while in the commission of an aggravated assault; felony murder while, as a convicted felon, in the possession of a firearm; aggravated assault; and, possession of a firearm by a convicted felon. He was tried before a jury and found guilty on all five counts. The trial court imposed three life sentences on the murder counts and a sentence to a term of years on each of the remaining two counts. Appellant's motion for new trial was denied and he appeals.[1]

1. Appellant enumerates the general grounds.

Sufficient evidence of appellant's guilt was adduced through the testimony of an eyewitness. Contrary to appellant's contention, no

---

[1] The crimes occurred on August 28, 1990. Appellant was indicted on March 10, 1992. The verdict was returned on May 6, 1992. Appellant's motion for new trial was denied on February 11, 1993 and his notice of appeal was filed on March 8, 1993. The instant appeal was docketed on April 5, 1993 and was submitted for decision on May 28, 1993.

corroboration of this testimony was necessary, since the eyewitness was not an accomplice. *Collins v. State*, 251 Ga. 521, 523 (1) (307 SE2d 496) (1983); *Strong v. State*, 232 Ga. 294, 300-301 (206 SE2d 461) (1974). Moreover, corroboration did exist, in the form of another witness' testimony regarding appellant's flight from the scene immediately following the shooting. *Brown v. State*, 199 Ga. App. 18, 23 (4) (d) (404 SE2d 154) (1991). The credibility of the testimony of the State's witnesses, including that of the eyewitness, was for the jury. OCGA § 24-9-80. A rational trier of fact could have found proof of appellant's guilt of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's admission of evidence of appellant's commission of another homicide is enumerated as error.

Although the procedural requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991) were satisfied, appellant urges that the relevance of the evidence was not outweighed by its prejudicial effect. See *Campbell v. State*, 234 Ga. 130, 131-132 (214 SE2d 656) (1975). However, both homicides had occurred only 30 days apart and each had been committed in the same general vicinity where appellant was engaged in the illegal sale of drugs. The victim in the instant case was shot because he would not buy drugs from appellant, while the victim in the other homicide was shot because he was believed to have taken drugs from one of appellant's sellers. The nature of the two offenses and the circumstances surrounding their commission were sufficiently similar, and indeed interconnected, such that the relevance of the other homicide to show appellant's scheme, motive, bent of mind and identity in the present case outweighed any prejudice. See *Campbell v. State*, supra at 132; *Childs v. State*, 202 Ga. App. 488, 489 (1) (414 SE2d 714) (1992); *Freese v. State*, 196 Ga. App. 761, 763 (3) (396 SE2d 922) (1990); *Roney v. State*, 192 Ga. App. 760, 763 (2) (386 SE2d 412) (1989). "[T]he evidence was not overly prejudicial here, as the jury was [given detailed limiting instructions before the evidence was admitted and at the close of the case]." *Tuzman v. State*, 145 Ga. App. 761, 763 (1) (A) (244 SE2d 882) (1978). See also *Childs v. State*, supra at 489 (1).

3. The trial court's refusal to allow certain laboratory reports into evidence is enumerated as error.

Appellant laid a proper foundation for admission of the laboratory records under the business records exception to the hearsay rule. However, those portions of business records which contain conclusions, opinions, estimates and impressions of third parties who are not before the court are not admissible under that exception to the hearsay rule. *Baker v. State*, 251 Ga. 464, 465 (2) (306 SE2d 917) (1983); *Hurt v. State*, 239 Ga. 665, 673 (10) (238 SE2d 542) (1977). Accordingly, if the laboratory reports at issue in the instant case con-

tained

> the opinions or conclusions of . . . third part[ies] not before the court, those portions of the report are inadmissible hearsay until a proper foundation has been laid, "i.e., [each] person who entered such opinions or conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based." [Cits.]

*Dept. of Human Resources v. Corbin*, 202 Ga. App. 10 (413 SE2d 484) (1991). See also *Spivey v. State*, 184 Ga. App. 118 (361 SE2d 9) (1987).

Appellant does not contend that the excluded laboratory reports contained *only* admissible test results and not opinions and conclusions for which *no* foundation had been laid. Compare *Oldham v. State*, 205 Ga. App. 268, 270 (1) (422 SE2d 38) (1992). The excluded laboratory reports are not included in the record. Even if it were not otherwise apparent from the transcript that they did contain opinions and conclusions for which no foundation had been laid, their contents are certainly not set forth in sufficient detail to show that they contained only admissible test results.

> "The burden is on the appellant to show error by the record, and when a portion of the evidence . . . bearing upon the issues raised by the enumerations of error, is not brought up in the appellate record so that this court can make its determination from a consideration of it all, an affirmance as to that issue must result. [Cits.]" [Cit.]

*Dept. of Human Resources v. Corbin*, supra at 11.

4. Appellant urges that the trial court erred in imposing a life sentence on all three murder counts.

> A single homicide can result from facts sufficient to support both malice and felony murder. Malice is not an element in a trial for felony murder but the presence of malice does not bar a felony murder conviction. Likewise, the existence of a felony is not an element in a trial for malice murder but its presence is no bar to a malice murder conviction. When the elements of malice and an underlying felony both exist in a murder case, the law does not preclude verdicts of guilty of both malice and felony murder. However, where there is a single victim, the defendant may be sentenced on either but not both. [Cits.]

*Smith v. State*, 258 Ga. 181, 183 (2) (366 SE2d 763) (1988).

As discussed in Division 1, the evidence was sufficient to authorize a finding of appellant's guilt for malice murder. Compare *Hendrick v. State*, 257 Ga. 514, 515 (3) (361 SE2d 169) (1987). It follows that the trial court erred in failing to sentence appellant only on the malice murder count and that the separate sentences on the two alternative felony murder counts must be vacated. "The conviction[s] of felony murder [were] simply surplusage, which [should] properly [have been] disposed of by the trial [court's] sentence of only one life sentence for the [three] murder counts." *Biddy v. State*, 253 Ga. 289, 292 (2) (319 SE2d 842) (1984). See also *Wade v. State*, 258 Ga. 324, 325 (2) (368 SE2d 482) (1988).

5. Appellant further urges that the trial court erred in imposing separate sentences on the aggravated assault and possession of a firearm by a convicted felon counts.

Those two offenses were the underlying felonies in the two felony murder counts. Since those two offenses would otherwise merge, as a matter of law, into the felony murder counts and appellant's felony murder convictions must be vacated for the reasons discussed in Div. 4, he contends that the trial court erred in imposing separate sentences for those two offenses. There is authority for appellant's contention. In *Moss v. State*, 262 Ga. 702 (425 SE2d 289) (1993), the defendant was found guilty of malice murder, felony murder and aggravated assault of one victim and given separate sentences. We held:

> The aggravated assault charge, as the underlying charge of felony murder, merges with the felony murder charge ([cit.]), and the felony murder charge stands vacated by operation of OCGA § 16-1-7. [Cit.] Accordingly, we vacate the convictions and sentences for felony murder *and for the aggravated assault of the murder victim*. [Cit.]

(Emphasis supplied.) *Moss v. State*, supra at 703 (3). Thus, under *Moss*, the merger, as a matter of law, of the underlying felony into a vacated felony murder conviction forecloses any determination as to whether a separate sentence on the underlying felony may nevertheless be authorized for lack of merger, as a matter of fact, into the extant malice murder conviction.

*Moss* is in seeming conflict with the holdings in *Hutchins v. State*, 261 Ga. 366, 367 (3) (404 SE2d 548) (1991) and *Renner v. State*, 260 Ga. 515, 519 (6) (397 SE2d 683) (1990). If a defendant has been found guilty only of *felony* murder, the underlying felony would certainly be deemed to have merged, as a matter of law, into the felony murder and a separate sentence for that underlying felony would not be authorized. See *Johnson v. State*, 254 Ga. 591, 595 (4) (331 SE2d 578) (1985) (cited in *Moss*, supra at 703 (3)). If, however, a valid

guilty verdict is *also* returned on an alternative count of *malice* murder, it is proper for the trial court to treat the felony murder count as merely surplusage and then to proceed to determine whether the underlying felony did or did not merge, as a matter of fact, into the malice murder count. *Hutchins v. State*, supra; *Renner v. State*, supra.

> If by "conviction" one means the judgment or sentence pronounced by the court ([cit.]) then it is true that one may not be "convicted" for both felony murder and the underlying felony. However, a jury may return guilty verdicts as to each and if one is not *sentenced* for the felony murder (but for malice murder, for example) then one can be sentenced for the underlying felony.

(Emphasis in original.) *Renner v. State*, supra at 519 (6), fn. 3. See also *Hutchins v. State*, supra at 367 (3) (wherein the defendant was properly sentenced on only the malice murder count and the separate sentence for armed robbery, which underlay the felony murder count, was upheld). Thus, under *Hutchins* and *Renner*, the underlying felony does not merge, as a matter of law, into a vacated felony murder conviction so as to foreclose a determination as to whether a separate sentence on the underlying felony may be authorized for lack of merger, as a matter of fact, into the extant malice murder conviction.

*Moss* and the instant case differ from *Hutchins* and *Renner* in one respect. In both *Hutchins* and *Renner*, the trial court correctly treated the alternative felony murder counts as merely surplusage and imposed a sentence *only* on the malice murder counts. In both *Moss* and the instant case, the trial court erroneously failed to treat the alternative felony murder counts as merely surplusage and imposed a sentence on the malice *and* felony murder counts. However, there is no logical or legal reason why the rationale of *Hutchins* and *Renner* should not apply in a case wherein it is this court, rather than the trial court, which properly treats the felony murder count as merely surplusage to the valid malice murder conviction. When valid guilty verdicts are returned on both alternative counts of malice and felony murder, the alternative felony murder count is vacated by operation of OCGA § 16-1-7. Thus, there is no felony murder count into which the underlying felony can merge, since the felony murder conviction has been statutorily vacated. Accordingly, it should be immaterial whether that statutory effect is initially recognized by the trial court's imposition of a sentence only as to the alternative malice murder count or whether the trial court's error in failing to recognize that statutory effect is ultimately corrected by this court's vacating of the sentence on the alternative felony murder count, as in Div. 4 of this

opinion. In either event, the end result is that the defendant has only been "sentenced for malice murder, not felony murder. . . ." *Renner v. State*, supra at 519 (6). Accordingly, we overrule *Moss v. State*, supra at 703 (3), to the extent that it suggests that the underlying felony merges, as a matter of law, into an otherwise vacated felony murder conviction and, consistent with *Hutchins* and *Renner*, we proceed to determine whether the underlying felonies in the instant case merged, as a matter of fact, into appellant's valid malice murder conviction.

The indictment alleged that appellant had committed aggravated assault "by shooting [the victim] with a pistol, a deadly weapon . . . ."

> The evidence used to prove that appellant perpetrated the aggravated assault of the decedent — that he fired a deadly weapon and wounded the victim — was used to establish that appellant had committed the crime of malice murder. As the aggravated assault offense was established by the same but less than all of the facts required to establish the offense of murder ([cit.]), the aggravated assault was an offense included in the malice murder conviction, and the conviction and sentence for the aggravated assault of the murder victim must be set aside. [Cits.]

*Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992). Compare *Griffin v. State*, 257 Ga. 148, 150 (6) (356 SE2d 209) (1987) wherein

> the assault for which [the defendant] was convicted began when [he] pulled his gun on [the victim], *before* the homicide was committed, [and] no merger between the aggravated assault and the malice murder conviction occurred. [Cit.]

(Emphasis supplied.)

Appellant's conviction for violating OCGA § 16-11-131 is based upon his status as a convicted felon and his act of possessing, rather than firing, a gun. *Possession* of a firearm by a convicted felon occurs both *before* and *after* the convicted felon's perpetration of a crime by *use* of the firearm. *Coleman v. State*, 163 Ga. App. 173, 174 (293 SE2d 395) (1982). The only evidence used to prove appellant's guilt of malice murder was that which showed that he possessed a gun while firing a shot which struck and killed the victim. The evidence that appellant also possessed the gun immediately before and after shooting the victim authorizes a separate conviction and sentence for violating OCGA § 16-11-131. "Because [appellant] was found guilty of *malice* murder, he was convicted properly also of the possession count, it being unrelated to malice murder." (Emphasis in original.) *Stone v. State*, 253 Ga. 433, 434 (2) (321 SE2d 723) (1984).

6. The judgments of conviction and sentences are affirmed as to the malice murder count and the possession of a firearm by a convicted felon count. The judgments of conviction and sentences are vacated as to the two alternative felony murder counts and the aggravated assault count.

*Judgments affirmed in part and vacated in part. All the Justices concur.*

DECIDED SEPTEMBER 20, 1993.

*Carla J. Friend,* for appellant.

*Lewis R. Slaton, District Attorney, Samuel W. Lengen, Carl P. Greenberg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Staff Attorney,* for appellee.

---

[1] The crimes occurred on August 28, 1990. Appellant was indicted on March 10, 1992. The verdict was returned on May 6, 1992. Appellant's motion for new trial was filed on June 1, 1992, amended on February 10, 1993 and denied on February 11, 1993. Appellant's notice of appeal was filed on March 11, 1993. The instant appeal was docketed on April 19, 1993 and submitted for decision on June 11, 1993.