## S08A1046. JONES v. THE STATE.
### (670 SE2d 790)

HINES, Justice.

Harry Andrea Jones appeals his convictions for felony murder and possession of cocaine in connection with the death of Sham Suddin. For the reasons that follow, we affirm.[1]

Construed to support the verdicts, the evidence showed that Suddin was a clerk at a convenience store. At 6:45 a.m. on May 4, 2005, customers discovered him lying on the floor, bleeding. The cash register was open, but no currency was inside; there should have been at least $100 in it. Just before Suddin was discovered, a man fitting Jones's description ran from the store carrying a black plastic garbage bag, and wearing a hooded black jacket and black pants. Suddin later died from a gunshot wound to the torso.

---

[1] Suddin was killed on May 4, 2005. On July 18, 2005, a Fulton County grand jury indicted Jones for: Count 1 - malice murder; Count 2 - felony murder while in the commission of one or more of the following felonies, to wit: armed robbery, aggravated assault, possession of a firearm during the commission of a felony, possession of a firearm by a convicted felon, and/or theft by receiving stolen property; Count 3 - armed robbery; Count 4 - aggravated assault; Count 5 - possession of a firearm during the commission of a felony; Count 6 - possession of a firearm by a convicted felon; Count 7 - possession of cocaine; and Count 8 - theft by receiving stolen property. Jones was tried before a jury March 13-17, 2006, and found guilty on Counts 2-7 of the indictment, and not guilty on Count 8; the jury failed to reach a verdict on Count 1. On March 22, 2006, Jones was sentenced to life in prison for felony murder, and a concurrent sentence of 15 years in prison for possession of cocaine; the trial court determined that Counts 3-6 merged with the felony murder conviction, see *Malcolm v. State*, 263 Ga. 369, 372-374 (5) (434 SE2d 479) (1993). An order was entered placing Count 1 on the dead docket. Jones moved for a new trial on March 28, 2006, and the motion was denied on August 9, 2007. Jones filed his notice of appeal on August 19, 2007, his appeal was docketed in this Court on March 6, 2008, and submitted for decision on briefs.

Jones lived in an apartment three blocks from the store. Within an hour of the shooting, he went to the apartment of Hammond, his neighbor; Jones was sweating and appeared "shaken up." From a black plastic garbage bag, Jones gave Hammond's 21-year-old daughter "cigars without the tobacco in it," things commonly used in smoking marijuana, and lottery tickets; Jones also said that he had "hit a lick." Hammond took this to mean that Jones stole the items in a burglary or robbery, and Hammond threw the items away. Packages of "Royal Blunt Tobacco Tubes," such as were sold at the store, were found on the ground between the store and Jones's apartment complex.

After a police officer received a tip from a person who reported seeing a man run into Jones's apartment, police officers went there and asked to speak with Jones; the officers saw drug paraphernalia in the apartment. Another police officer found Suddin's wallet in a trash receptacle at the apartment complex; there was no money in it. A police bloodhound took the scent from the wallet and led the accompanying officer to the apartment occupied by Jones. Before noon that same day, police officers executed a search warrant for the apartment; in Jones's bedroom they found crack cocaine, a .38 caliber handgun, a hooded black jacket, black pants, and a portion of a black stocking that had been stretched as though to be worn over a person's head. The night before he was killed, Suddin had received a novelty "dollar bill" bearing the likeness of Santa Claus rather than George Washington; such a novelty dollar bill was in the pocket of the hooded black jacket found in Jones's bedroom. The bullet that killed Suddin was fired from the handgun retrieved from Jones's room.

1. The evidence was sufficient to enable a rational trier of fact to find Jones guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After the State rested its case, Jones conferred with his counsel, and, at counsel's request, the court informed Jones that he did not have to testify in his own behalf, but could if he so chose. In doing so, the court said:

> But if you take the stand, you would be treated like any other witness. You would be subject to cross-examination and treated just like any other witness. And any prior convictions that you have may be put before the jury. So you have a decision to make. Have you made that decision?

Jones responded that he had made his decision and would not testify. He had been convicted of burglary in 1998.

Jones contends that the trial court misadvised him regarding what would have occurred had he testified; that, in fact, he would not be treated "just like any other witness," and that his prior conviction would not necessarily be put before the jury. OCGA § 24-9-84.1 (a) (2) reads:

> (a) *General rule.* For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies:
>
> . . .
>
> (2) Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant . . . .

Thus, Jones urges, before his prior conviction for burglary could have been admitted, the trial court would have had to make the determination specified in the statute. The State responds that there was no error in the trial court's statement to Jones as, in fact, if he chose to testify, his prior conviction "may" have been put before the jury.[2]

Regardless of the merits of the State's argument, Jones fails to show any harm resulting from the trial court's action; he did not testify at the hearing on the motion for new trial, and there is no evidence that, had the trial court advised him differently, he would not have waived his right to testify. See *Moss v. State*, 278 Ga. App. 362, 366-367 (2) (629 SE22d 5) (2006). See also *Crouch v. State*, 279 Ga. 879, 881-883 (3) (622 SE2d 818) (2005).

*Judgments affirmed. All the Justices concur.*

DECIDED NOVEMBER 25, 2008.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Elizabeth A. Baker, Bettieanne C. Hart*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Sara K. Sahni*, Assistant Attorney General, for appellee.

---

[2] In fact, Jones's 1998 conviction for burglary had already been put before the jury as part of the State's case in chief on the charges of possession of a firearm by a convicted felon and felony murder while in the commission of that crime.