## S09A0388. GRANTHAM v. THE STATE.
### (680 SE2d 857)

HINES, Justice.

Joseph Walter Grantham appeals his convictions and sentences for felony murder and possession of a firearm during the commission of a crime, in connection with the death of Harold Boney. For the reasons that follow, we affirm.[1]

In his sole enumeration of error, Grantham contends that the evidence was insufficient to authorize his convictions. Construed to support the verdicts, the evidence showed that Boney was a homeless person and, at 4:00 a.m. on September 24, 2006, was sleeping on a park bench. Grantham and two other young men were also in the park and began to throw bottles at Boney and poke him with a stick as he slept. Boney stood up and advanced toward Grantham and his friends. Grantham produced a rifle, told Boney he was going to shoot him, and pulled the trigger; Boney had turned away from Grantham and was fatally struck in the torso by a .22 caliber bullet that entered from his back. One witness saw three young men run from the park, and observed that the tall one of the three was carrying a rifle. Another witness saw three young men throwing bottles at Boney, and identified Grantham as the tall one of the three; yet another witness identified Grantham as one of the young men who threw bottles at Boney, and as the one of the three who ran from the park carrying a rifle.

On September 28, 2006, Savannah Police Sergeant Lavon Oglesby encountered Grantham at a convenience store. The two discussed basketball, and then Grantham said he had information relating to Boney's murder. He said that the night of the murder, a

---

[1] Boney was killed on September 24, 2006. On December 10, 2006, a Chatham County grand jury indicted Grantham for malice murder, felony murder while in the commission of aggravated assault, aggravated assault, and possession of a firearm during the commission of a crime. He was tried before a jury February 5-7, 2008, and found guilty of felony murder, aggravated assault, and possession of a firearm during the commission of a crime; no verdict was returned on malice murder. On February 19, 2008, Grantham was sentenced to life in prison for felony murder and five years in prison for possession of a firearm during the commission of a crime, to be served consecutively to the felony murder sentence; the aggravated assault merged with the felony murder. See *Malcolm v. State*, 263 Ga. 369, 372-374 (5) (434 SE2d 479) (1993). Grantham moved for a new trial on February 25, 2008. The motion was denied on September 4, 2008. Grantham filed his notice of appeal on September 15, 2008, the appeal was docketed in this Court on November 20, 2008, and submitted for decision on January 12, 2009.

friend with a rifle visited his house, behaving nervously. At Oglesby's request, Grantham accompanied him to the police station and agreed to speak with detectives. He was read his *Miranda*[2] rights, and, after giving two different versions of events to the detectives, admitted that he had shot Boney; the interview was recorded and played for the jury.

There was ample evidence to authorize the jury to find Grantham guilty beyond a reasonable doubt of all of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Grantham contends that the testimony of certain witnesses should be discounted, but questions of witness credibility are for the jury. *Tolbert v. State*, 282 Ga. 254, 256 (1) (647 SE2d 555) (2007).

*Judgments affirmed. All the Justices concur.*

### DECIDED JUNE 29, 2009.

*Donald B. Lowe III*, for appellant.

*Spencer Lawton, Jr., District Attorney, Anna Guardino, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary K. Ware, Assistant Attorney General*, for appellee.

---

[2] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).