## S10A0048. JULIUS v. THE STATE.
### (687 SE2d 828)

MELTON, Justice.

Following a jury trial, Sabon Allen Julius appeals his convictions for murder, felony murder, aggravated assault, and possession of a weapon during the commission of a felony, contending that the evidence was insufficient to support the verdict. For the reasons set

forth below, we affirm.[1]

In the light most favorable to the verdict, the record shows that, on the evening of September 7, 2006, Sabon Allen Julius and Adler Jerry Benoit were guests at a pool party. After the party, a group of ten men, including Julius and Benoit, left to go to College Park in three separate cars. At first, Julius was a passenger in a car driven by Benoit, but when all three cars stopped at a gas station, Benoit told Julius that he did not want him to accompany him to College Park, and Julius switched cars. At this point, Benoit had only two other passengers in his car, one in the front and one in the back. All three cars left the gas station and went to a nearby fast food restaurant, with Julius now riding in the car directly behind Benoit's. While the cars were stopped at the restaurant, Julius got out, approached the driver's side of Benoit's vehicle, opened the back car door on the driver's side, retrieved something from the back seat, and stood to the left of the driver's seat. Several witnesses then heard a popping noise, and, because Benoit had been shot in the back of the head, the car he had been driving rolled into the bushes and down a hill. As Benoit's car rolled away, Julius ran back to the car he had exited and said "Go! Go! Go!" and "Y'all . . . didn't see nothing." In addition, Jelani Simon, one of the passengers in Benoit's car, stated to Juan Micout, another witness at the scene, that Julius shot Benoit in the back of the head, and another witness indicated that Julius was possibly hiding a gun under his shirt as he ran away from Benoit's car.[2] The coroner testified that the shot which killed Benoit probably came from behind him and to his left, traveling first through his left hand and then into his skull. Julius was the only person to Benoit's left at the time of the shooting.

This evidence authorized the jury to find Julius guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Julius nonetheless contends that Chris Brooks,[3] who was sitting in the back

---

[1] On November 29, 2006, Julius was indicted in Gwinnett County for murder, felony murder, aggravated assault, and two counts of possession of a weapon during the commission of a felony. Following a jury trial, Julius was found guilty of all crimes on April 18, 2008. On April 28, 2008, the trial court sentenced Julius to life imprisonment for murder and five consecutive years for possession of a weapon during the commission of a felony. For purposes of sentencing, the aggravated assault conviction was merged into the murder conviction, and one count of possession of a weapon during the commission of a felony was merged into the other possession count. The conviction for felony murder was vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). On April 25, 2008, Julius filed a motion for new trial, amended on July 9, 2009, and the trial court denied the motion on July 14, 2009. Thereafter, Julius filed a notice of appeal on August 4, 2009. This appeal was docketed in this Court on September 9, 2009, and submitted for decision on the briefs.

[2] None of the witnesses actually saw Julius in possession of a gun, however.

[3] Brooks could not be located at the time of trial and was unavailable to testify.

seat of Benoit's car, may have been the shooter, and, as a result, the evidence was insufficient to satisfy the requirements of OCGA § 24-4-6, which reads: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." Questions regarding the reasonableness of an hypothesis, however,

> are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. [Cit.]

*Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998). In this case, the evidence shows that, contrary to Julius' arguments, Brooks was not sitting directly behind the victim. Instead, Brooks was in the rear seat on the passenger's side of the car, and the forensics testing showed that the murderer was located to the left of the victim, not the right. In addition, there was blood spatter on the seat behind Benoit from which the jury could have inferred that no one was sitting there at the time of the shooting. Accordingly, the jury's finding in this case will not be disturbed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Wystan B. Getz*, for appellant.
*Daniel J. Porter, District Attorney, Thurbert E. Baker, Attorney General*, for appellee.