## S09A1852. MUHAMMAD v. THE STATE.
### (689 SE2d 313)

MELTON, Justice.

Following a bench trial, Anjail Durriyyah Muhammad was found guilty of malice murder, two counts of felony murder, aggravated assault, aggravated battery, and arson in the first degree in connection with the death of Nodiana Antoine.[1] Muhammad appeals, contending only that the evidence presented at trial was insufficient to sustain her convictions. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the evidence shows that, on May 25, 2003, Muhammad and Antoine were physically fighting at a Chevron gas station in Cobb County, Georgia. Pamela Robinson saw the two women fighting and went inside the gas station to tell the attendant to call the police. Muhammad, who

---

[1] On May 21, 2004, Muhammad was indicted for malice murder, two counts of felony murder (with aggravated assault and aggravated battery as the underlying offenses), aggravated assault, aggravated battery, and arson in the first degree. Following an April 8-May 1, 2008 bench trial, Muhammad was found guilty on all counts. On May 6, 2008, Muhammad was sentenced to life imprisonment without the possibility of parole for the malice murder and thirteen years concurrent for arson in the first degree. The trial court merged the aggravated assault and aggravated battery counts into the malice murder count for sentencing purposes, and the felony murder convictions were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Muhammad filed a motion for new trial on May 7, 2008, which she amended on May 20, 2008. On March 6, 2009, the motion was denied. Muhammad's timely appeal was docketed in this Court on July 24, 2009, and submitted for decision on the briefs.

was dragging Antoine around by her shirt collar, removed one of the nozzles from a gas pump and sprayed Antoine with gasoline. After doing so, Muhammad approached Robinson and calmly asked her if she had a lighter. Robinson said she did not, and Muhammad then dragged Antoine to Muhammad's car, which was parked across the street.

Muhammad retrieved a lighter from her car and clicked it five to ten times before Antoine burst into flames and ran into the street. Bystanders yelled at Antoine to get on the ground and roll to extinguish the flames, and tried to help her put out the flames. Shortly after the flames surrounding Antoine were put out, William Bell, an engineer with the Cobb County Fire Department, arrived on the scene. At that time, Antoine was screaming that "[Muhammad] threw gasoline on me and set me on fire." Another fire engineer, Sergeant Jeff Burris, also arrived on the scene, and Antoine told him that Muhammad had burned her. While en route to the hospital, Antoine also told a paramedic treating her that Muhammad had "sprayed gas on her and lit her on fire." Antoine remained in the hospital for approximately a month and a half before she died due to her burns.

The evidence was sufficient to enable a rational trier of fact to find Muhammad guilty beyond a reasonable doubt of all the offenses for which she was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Indeed, the facts and circumstances of this case are such that a reasonable factfinder could have found that Muhammad intentionally and maliciously killed Antoine, as opposed to only having done so unintentionally or as a result of sudden, irresistible passion as Muhammad contends. *Blair v. State*, 245 Ga. 611, 614 (3) (266 SE2d 214) (1980) ("It is for the jury to determine whether any killing is intentional and malicious from all the facts and circumstances") (citation omitted).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney, Thurbert E. Baker, Attorney General, Sheila E. Gallow, Assistant Attorney General*, for appellee.