FINAL COPY
294 Ga. 440

S13A1323. RAMIREZ v. THE STATE.

BLACKWELL, Justice.

Following trial by a Gwinnett County jury, Kenneth Victor Ramirez was convicted of the murder of Thomas Branch. Ramirez appeals, contending only that the evidence is insufficient to sustain his conviction. We conclude, however, that the evidence is legally sufficient, and so, we affirm the judgment of conviction.[1]

Viewed in the light most favorable to the verdict, the evidence shows that Ramirez, Christopher Emery, and Wilfredo Rivera lived in an apartment complex in Lawrenceville. Branch lived in the same complex. On the evening of March 12, 2011, Ramirez, Emery, and Rivera accompanied Branch to a

---

[1] Branch was killed on March 12, 2011. Ramirez was indicted on June 15, 2011 and charged with malice murder by strangulation, malice murder by stabbing, felony murder by strangulation, and felony murder by stabbing. His trial commenced on July 9, 2012, and the jury returned its verdict four days later, finding Ramirez guilty of all counts. The trial court sentenced Ramirez to a term of imprisonment for life for malice murder by strangulation, and the verdicts as to the other murder charges were vacated by operation of law. Malcolm v. State, 263 Ga. 369, 371-372 (4) (434 SE2d 479) (1993). Ramirez filed a motion for new trial on August 1, 2012, and following a hearing, the trial court denied that motion on February 5, 2013. Ramirez filed a notice of appeal on February 13, 2013, and the case was docketed in this Court for the September 2013 term and submitted for decision on the briefs.

nearby convenience store to buy beer.[2] Ramirez and Rivera then went with Branch to the apartment in which Branch lived, where they were joined by Ronald Sheppard. As Branch spoke with his guests, Rivera — at the direction of Ramirez — struck Branch with a flashlight. Both Rivera and Ramirez then hit Branch about the head with a frying pan. After beating Branch with the pan, Ramirez began to strangle Branch with a belt. Around that time, Emery appeared at the apartment, where he saw Ramirez strangling Branch. Complaining that the effort to strangle Branch was "taking so long," Ramirez asked for a knife, and Emery left the apartment, obtained a knife, and returned. Ramirez used the knife to stab Branch in the neck. A neighbor called for law enforcement after hearing that Ramirez was killing "the old man upstairs," and when officers arrived, they found Branch dead in his apartment.

Investigators interviewed Ramirez, and at first, he denied that he even knew Branch. He then, however, began to cry and acknowledged that he knew Branch and was present when Branch was killed, although he denied that he participated in the killing. Ramirez, Emery, and Rivera all were charged with

---

[2] Branch – who was 58 years of age – bought the beer. Ramirez and Emery were 18 years of age, and Rivera was only 14 years of age.

murder and other crimes in connection with the killing — Sheppard was not charged — and Rivera and Emery later pled guilty to lesser charges.[3] Both Rivera and Emery testified at the trial of Ramirez. Sheppard also testified at trial. In addition, a jailhouse informant testified that Ramirez had admitted that he and "a juvenile" had beat an "old man" with a pan, strangled him with a belt, and stabbed him in the neck in order to "get down with . . . [t]he Rollin 60 Crips" gang.

Ramirez claims that the evidence is insufficient to sustain his conviction because the only evidence implicating him in the killing, he contends, is the uncorroborated testimony of his accomplices.[4] See former OCGA § 24-4-8 (in

---

[3] Rivera pled guilty to aggravated battery, and Emery pled guilty to conspiracy to commit aggravated assault.

[4] Ramirez also claims the evidence is insufficient to show that he was the one who stabbed Branch because Emery testified that he left the apartment immediately after providing the knife, Sheppard testified that he went into the bathroom of the apartment when the violence against Branch escalated, and Rivera testified that he looked away when Branch was stabbed. But Emery, Rivera, and Sheppard all testified that Ramirez requested a knife, Rivera and Sheppard both testified that they saw Ramirez pick up the knife that Emery provided, and Rivera and Sheppard both testified that they heard the sound of Branch being stabbed. In any event, the medical examiner testified that either the stabbing or strangulation would have been sufficient to kill Branch, and Ramirez was sentenced on the count of malice murder arising from his strangulation of Branch, not the stabbing.

3

"felony cases where the only witness is an accomplice, the testimony of a single witness is not sufficient" and must be supported by the testimony of another witness or by "corroborating circumstances").[5] But even if we were to assume that Sheppard was an accomplice, and even if we further were to assume that the only evidence of the guilt of Ramirez were the testimony of accomplices — which would require us, of course, to ignore the testimony of the neighbor who heard that Ramirez was killing "the old man[,]" the testimony of the jailhouse informant to whom Ramirez provided information about the details of the murder including his motive for committing it, and the testimony of the police officer who received Ramirez's contradictory and inculpatory statement — it is well established that "[w]here, as here, more than one accomplice testifies at trial, the testimony of one accomplice may be corroborated by the testimony of the others." Hanifa v. State, 269 Ga. 797, 808-809 (7) (505 SE2d 731) (1998) (citation omitted). In all, the evidence was more than sufficient to authorize a rational jury to find beyond a reasonable doubt that Ramirez was guilty of the

---

[5] This case was tried under the old Evidence Code, see Ga. L. 2011, p. 99, § 101, and for that reason, we cite former OCGA § 24-4-8. We note, however, that the provisions of former OCGA § 24-4-8 were carried forward into the new Evidence Code and now can be found at OCGA § 24-14-8.

crime of which he was convicted. <u>Jackson v. Virginia</u>, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Accordingly, we affirm the judgment of conviction.

<u>Judgment affirmed. All the Justices concur.</u>

Decided January 27, 2014.

Murder. Gwinnett Superior Court. Before Judge T. Davis.

<u>Sharon L. Hopkins</u>, for appellant.

<u>Daniel J. Porter</u>, District Attorney, <u>David K. Keeton</u>, Assistant District Attorney, <u>Samuel S. Olens</u>, Attorney General, <u>Patricia B. Attaway Burton</u>, Deputy Attorney General, <u>Paula K. Smith</u>, Senior Assistant Attorney General, for appellee.