In the Supreme Court of Georgia

Decided: September 14, 2015

S15A0785. PONDER v. THE STATE.

MELTON, Justice.

Following a jury trial, Kenneth Fred Ponder was found guilty of malice murder, aggravated assault, armed robbery, and various other offenses in connection with the robbing of Kelvin Golden and Darius Howard and the shooting death of Terry Crawford.[1] On appeal Ponder contends only that the

---

[1] On June 8, 2004, Ponder was indicted for malice murder, felony murder (predicated on criminal attempt to commit armed robbery), criminal attempt to commit armed robbery, two counts of armed robbery, two counts of aggravated assault, two counts of possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon (a charge that was later nolle prossed). Following a March 19-21, 2007 jury trial, Ponder was found guilty on all counts. On April 18, 2007, the trial court sentenced Ponder to life imprisonment for malice murder, ten years concurrent for criminal attempt to commit armed robbery, a consecutive life term for one of the armed robbery counts, a life term concurrent with the murder count for the other armed robbery count, and five consecutive years for possession of a firearm during the commission of a crime. The felony murder count was vacated by operation of law (Malcolm v. State, 263 Ga. 369 (4) (434 SE2d 479) (1993)), and the trial court merged the remaining counts for sentencing purposes. Ponder filed a motion for new trial on April 18, 2007, which he amended on January 30, 2013. The trial court denied the motion on October 30, 2014. Following the payment

trial court erred by failing to give a curative instruction after sustaining Ponder's objection to certain hearsay testimony. We affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on March 29, 2004, Ponder and Toris Gilyard walked up to a car in which Crawford, Golden, and Howard were sitting. Ponder was carrying a shotgun at the time. Ponder pointed the shotgun at Crawford and screamed, "Give it up!" to the occupants of the vehicle. Crawford exited the vehicle, saying that he and his companions did not have any money. Ponder then shot Crawford in the head, killing him. Ponder pointed the shotgun at Golden and Howard and robbed cash and drugs from them before leaving the scene with Gilyard.

This evidence was sufficient to enable a rational trier of fact to find Ponder guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Ponder contends that the trial court erred by failing to give an additional

of costs, Ponder's timely appeal was docketed in this Court for the April 2015 Term and submitted for decision on the briefs.

2

curative instruction after sustaining his objection to certain hearsay testimony at trial. However, the record reveals that Ponder did not request a curative instruction or ask for a mistrial after his objection had already been sustained. The trial court therefore did not err in failing to give a curative instruction. See Morrison v. State, 276 Ga. 829, 834 (4) (583 SE2d 873) (2003) (Where the "trial court sustain[s] [a defendant's] objection to [a] statement, but there is no evidence that [the defendant] ever requested a curative instruction or a mistrial[,] . . . the trial court d[oes] not err in failing to give [a curative instruction] sua sponte") (footnote omitted).

Judgment affirmed. All the Justices concur.