In the Supreme Court of Georgia

Decided:   April 26, 2016

S16A0673.  CARTER v. THE STATE.

THOMPSON, Chief Justice.

Appellant Claron Carter was found guilty of malice murder and other offenses related to the shooting death of Dequavious Reed.[1]  His motion for new trial was denied, and he appeals, claiming that the evidence was insufficient to support the jury's verdicts.  Although we conclude the evidence of appellant's guilt was sufficient to support the verdicts, our review of the record reveals an error in the trial court's sentencing as to certain counts of the indictment.  For

---

[1]  The crimes occurred on July 11, 2013.  Appellant was indicted by a Coffee County grand jury on November 6, 2013, on charges of malice murder, felony murder predicated on burglary, felony murder predicated on armed robbery, armed robbery, and burglary. Following a jury trial from March 23-25, 2015, appellant was found guilty on all counts. The trial court sentenced appellant on March 25, 2015, to life in prison without the possibility of parole on the malice murder count.  The trial court imposed no sentences on the remaining charges based on its determination that the felony murder counts merged into the malice murder conviction and the independent felonies of armed robbery and burglary merged into their respective felony murder charges.  But see Malcolm v. State, 263 Ga. 369, 371-374 (434 SE2d 479) (1993).  Appellant's motion for new trial, filed on April 1, 2015, was denied by the trial court on August 7, 2015.  He filed a notice of appeal on August 12, 2015, and his appeal was docketed in this Court, assigned to the April 2016 term, and submitted for decision on the briefs.

this reason, we vacate appellant's sentences and remand to the trial court for resentencing.

1. The evidence presented at trial authorized the jury to find that appellant and two of his brothers went to the victim's apartment under the guise of purchasing drugs but instead planned to rob the victim. Once inside the apartment, appellant fatally shot the victim in the neck and chest and, after rifling through the victim's pockets, stole marijuana and several hundred dollars from him. The victim was discovered lying on his back with his arms over his head. His pants were pulled down and his shirt was pulled up to his neck. The State presented evidence showing that appellant admitted to a friend, Jayvias Lott, in a recorded conversation, that he shot the victim twice in the chest, partially because one brother said appellant was too scared to do it. Appellant, in the same conversation, complained about having killed a man and getting only "$200 and a couple of sacks [of marijuana]." Appellant admitted at trial that he shot the victim but claimed he did so in self-defense.

Construed in the light most favorable to the verdicts, we find the evidence was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was charged. Jackson v. Virginia,

2

443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). The State presented evidence establishing that appellant fatally shot the victim during a drug transaction and stole money and drugs from the victim. The jury was free to weigh appellant's credibility, as it did the credibility of other witnesses, and was free to reject his claim that he shot the victim in self-defense. See Hoffler v. State, 292 Ga. 537 (1) (739 SE2d 362) (2013). Likewise, although appellant contends Lott's testimony was not worthy of belief because he is a "professional criminal," it was for the jury to assess the credibility of Lott's testimony and to resolve any evidentiary conflicts. See Hampton v. State, 272 Ga. 284 (1) (527 SE2d 872) (2000).

2. While we find no merit in appellant's enumerated error, our review of the record establishes that the trial court erred in its sentencing of appellant. As stated, appellant was found guilty of malice murder (Count 1), felony murder predicated on the underlying felony of burglary (Count 2), felony murder predicated on the underlying felony of armed robbery (Count 3), armed robbery (Count 4), and burglary (Count 5). During sentencing, the trial court purported to merge the two felony murder counts into the malice murder count and to merge the two independent felony counts into the two "merged" felony murder

3

counts. The felony murder counts, however, did not merge with the malice murder count but were vacated by operation of law, see Malcolm v. State, 263 Ga. 369 (5) (434 SE2d 479) (1993), leaving, as a matter of law, no felony murder counts in to which the armed robbery and burglary counts could merge. See id. at 373; Mills v. State, 287 Ga. 828, 828, n. 1 (700 SE2d 544) (2010). Accordingly, we vacate that part of the trial court's sentencing order in which it "merged" counts 2 and 3 into count 1 and counts 4 and 5 into counts 2 and 3 respectively. Because the evidence was sufficient to convict appellant of count 1, malice murder, we conclude that (1) the trial court properly sentenced him on that count; (2) the sentences on counts 2 and 3 were vacated by operation of law, see Malcolm, 263 Ga. at 371-372; and (3) no sentence has yet been imposed on his convictions for the charges of armed robbery and burglary. Accordingly, the case is remanded to the trial court for imposition of proper sentences on those counts. See Hulett v. State, 296 Ga. 49, 56 (2) (d) (766 SE2d 1) (2014).

Judgment affirmed in part and vacated in part, and case remanded. All the Justices concur.