309 Ga. 521
FINAL COPY

S20A0804. HILL v. THE STATE.

MELTON, Chief Justice.

Following a January 4-5, 2016 jury trial, Garren Arnez Hill was found guilty of malice murder, felony murder, armed robbery, and various other offenses in connection with the robbery of a convenience store and the shooting death of store clerk Ajit Kumar Dwivedi.[1] On appeal, Hill contends only that the evidence presented

---

[1] On January 20, 2015, Hill was indicted for malice murder, four counts of felony murder (predicated on armed robbery, aggravated assault with a deadly weapon, burglary in the second degree, and possession of a firearm by a convicted felon), aggravated assault with a deadly weapon, burglary in the second degree, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. At his January 2016 trial, Hill was found guilty on all counts. He was sentenced to life in prison for malice murder and two terms of five years to be served consecutively to the malice murder count but concurrent with one another for possession of a firearm during the commission of a felony and possession of firearm by convicted felon. The trial court purported to merge the felony murder counts into the malice murder count for sentencing purposes, but these counts were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). The trial court merged the remaining verdicts into the malice murder conviction. It appears that the trial court should not have merged the burglary verdict into the malice murder conviction, *Favors v. State*, 296 Ga. 842, 848 (770 SE2d 855) (2015), but that ruling has not been challenged on appeal. See *Dixon v. State*, 302 Ga. 691, 696-698 (808 SE2d 696) (2017). Hill timely filed a motion for new trial on

at trial was insufficient to support his convictions. We affirm.

When evaluating the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). On appeal, "this Court does not re-weigh the evidence or resolve conflicts in testimony, but instead defers to the jury's assessment of the weight and credibility of the evidence." (Citation omitted.) *Curinton v. State*, 283 Ga. 226, 228 (657 SE2d 824) (2008).

Viewed in the light most favorable to the verdict, the evidence presented at trial reveals that, on August 24, 2014, Hill, a convicted felon, walked into a Big Brother 2 Food Mart in Fulton County, brandished a handgun, and hit the unarmed store clerk, Dwivedi, in

---

January 7, 2016, and, following a May 30, 2019 hearing, the motion was denied on the same date. Hill filed a timely notice of appeal on June 11, 2019, which he amended on September 11, 2019, and his appeal was docketed to the April 2020 term of this Court and submitted for a decision on the briefs.

the head with the handgun. Hill then shot Dwivedi multiple times, killing him, and stepped over Dwivedi's body to grab money from the cash register before leaving the store. The incident was captured on video by the store's security camera, and Hill's uncovered face is clearly visible throughout the video. Two witnesses who knew Hill and who saw the video on the news recognized him as the person in the video committing the crimes. Hill was arrested, and he confessed to police that he shot Dwivedi and robbed cash from the convenience store.

This evidence was more than sufficient for a rational trier of fact to find Hill guilty of all of the crimes for which he was convicted beyond a reasonable doubt. See, e.g., *Howell v. State*, 307 Ga. 865, 870-873 (1) (b) (838 SE2d 839) (2020) (evidence was sufficient to support murder, aggravated assault, and aggravated battery convictions where defendant confessed crimes to others and made statements to police incriminating himself, and where surveillance video showed defendant walking in the direction of the place where crimes took place); *Velasco v. State*, 306 Ga. 888, 891 (1) (b) (834

SE2d 21) (2019) (evidence was "easily sufficient" to sustain murder conviction where defendant admitted to police that he beat the victim with a hammer and where crime scene blood evidence and victim's injuries were consistent with brutal beating and dragging).

*Judgment affirmed. All the Justices concur.*

DECIDED AUGUST 10, 2020.

Murder. Fulton County Superior Court. Before Judge Newkirk.

*Ryan C. Locke*, for appellant.

*Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Tristan W. Gillespie, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Leslie A. Coots, Assistant Attorney General*, for appellee.