312 Ga. 614
FINAL COPY

S21A1002. STEEN v. THE STATE.

BOGGS, Presiding Justice.

Dustin Michael Steen was convicted of malice murder and sentenced to life in prison without the possibility of parole in connection with the 2015 stabbing death of Edward Newhouse in an altercation outside a bar in Burke County.[1] The trial court denied Steen's motion for new trial, and he appeals, asserting seven

---

[1] The murder occurred on February 27, 2015. On April 29, 2015, a Burke County grand jury indicted Steen for malice murder, felony murder, and possession of a knife during the commission of a crime. Steen was tried before a jury from February 22 to 24, 2016, and found guilty of all charges. On February 24, 2016, Steen was sentenced to serve life in prison without the possibility of parole on the malice murder conviction, with five years in prison to be served consecutively on the knife charge. The trial court purported to merge the felony murder count, although it was actually vacated by operation of law. See *Malcolm v. State*, 263 Ga. 369, 373 (5) (434 SE2d 479) (1993). Steen's trial counsel filed a timely motion for new trial, which was amended by Steen's first appellate counsel on February 21, 2017. The motion was heard on February 28 and March 28, 2017, and an order was entered on January 24, 2019, denying Steen's motion for new trial. That order was vacated on February 25, 2019, because Steen's second appellate counsel represented that additional grounds needed to be presented. Second appellate counsel filed an amended motion for new trial on April 8, 2019. After additional hearings on April 17 and October 16, 2019, Steen's motion was denied on February 15, 2021. Steen's notice of appeal was filed on February 22, 2021, and the case was docketed in this Court to the August 2021 term.

enumerations of error, including violation of his Georgia constitutional right to be present at all critical stages of his trial by his exclusion from unrecorded bench conferences during jury selection. See generally *Zamora v. State*, 291 Ga. 512, 517-518 (7) (a), (b) (731 SE2d 658) (2012).

Steen contends the evidence presented at his trial was insufficient to support his conviction, but we affirm that part of the trial court's judgment. We do not, however, address any of the remaining enumerations of error. Instead, for the reasons stated below, we vacate the remainder of the trial court's order denying Steen's motion for new trial and remand the case for the trial court to rule in the first instance on Steen's right-to-be-present claim.

1. Construed in the light most favorable to the jury's verdict, the evidence shows that on the evening of Friday, February 27, 2015, Steen and a co-worker, Nick Malcom, cooked out, had a few beers, and went to a local bar, then known as BFE Bar & Grill. The owner of the bar testified that Malcom had been a problem in the past, being belligerent and not paying his bill. Several witnesses testified

2

that on that Friday night, Malcom began behaving in a loud, boisterous, and threatening manner to patrons, to the point that employees informed the bar's owner of the problem. The owner approached Malcom and asked him to leave, but Malcom refused. Steen tried to persuade Malcom to leave, eventually pushing him outside while Malcom "threw a fit." A surveillance camera recording shows Steen and Malcom falling to the ground just outside the bar's entrance.[2]

A group of patrons, including Newhouse, as well as the bar owner, followed the two men outside to Steen's car. Steen got into the car; Malcom began to get in but then "started screaming like a crazy person." The owner testified that Malcom screamed, "Are you ready to do this?" and Steen yelled back, "Let's do this." Steen got back out of the car and started walking toward the bar. Newhouse, who had been returning to the bar, turned around and went toward Steen and Malcom, the three of them began arguing, and Steen and

---

[2] An audio and video recording from the bar's surveillance cameras was played for the jury during the testimony of the bar owner, who identified the individuals shown and explained what occurred as the recording was played.

Newhouse grabbed each other and began to fight.

Almost immediately, Newhouse fell to the ground, face down, with Steen on top of him. Another patron went to pull Steen off Newhouse and then yelled that there was a knife. The bar owner, attempting to break up the fight, sprayed Steen with pepper spray and saw a knife in Steen's hand as Steen pulled the blade out of Newhouse's body. Steen leaned back to avoid the spray and then resumed stabbing Newhouse, so the owner shot Steen in the back. Another witness fired two shots in the air, and Steen was pulled off Newhouse; still another witness testified he saw the knife in Newhouse's back. Steen stood over Newhouse yelling, "You don't know me," and "You deserved this," and then drove away in his car. A deputy sheriff found the car "up against a tree" a short distance away, with Steen semi-conscious in the driver's seat, smelling of alcohol and saying that he had been shot. Steen was taken to the hospital and treated for his injuries.

Newhouse was lying on the ground unresponsive, despite attempts by witnesses to render aid. A paramedic who responded to

4

the scene testified that when he arrived, Newhouse was not breathing and had no pulse. A medical examiner testified that Newhouse had a total of seven cut wounds and ten stab wounds and that one of the latter pierced both ventricles of his heart, causing his death.

Steen testified at trial and disputed the other witnesses' accounts of the events in the parking lot. He contended that a group of men followed Malcom and him out of the bar, threatening them, and that while he was trying to persuade Malcom to get in the car and leave, Newhouse ran up and punched Steen in the face. According to Steen, "[By the t]ime I hit the ground . . . they were on me." He testified that he was "instantly" sprayed in the eyes with mace, struck in the head and the back, and shot in the back. He claims that only then did he draw his knife to defend himself, believing that his life was in danger.

Steen contends that the State failed to present sufficient evidence to disprove his claim of self-defense beyond a reasonable doubt, asserting that he defended himself only after he was set upon

5

by multiple assailants who attacked, blinded, and shot him. The evidence presented at trial and summarized above, however, was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Steen did not act in self-defense but was guilty of malice murder and possession of a knife during the commission of a crime. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). While Steen disputes the evidence and the credibility of the witnesses, "[i]ssues of witness credibility and justification are for the jury to decide, and the jury is free to reject a defendant's claim that he acted in self-defense." (Citations and punctuation omitted.) *Butler v. State*, 309 Ga. 755, 758 (1) (848 SE2d 97) (2020).

2. We next address Steen's right-to-be-present claim.

Since the earliest years of this Court, we have held that the Georgia Constitution guarantees [a] criminal defendants[ ] the right to be present, and see and hear, all the proceedings which are had against him on the trial before the Court. It also has long been established that proceedings at which the jury composition is selected or changed are critical stages at which the defendant is entitled to be present.

6

(Citations and punctuation omitted.) *Zamora*, 291 Ga. at 517-518 (7)

(b). However,

> the right to be present belongs to the defendant, and he is free to relinquish it if he so chooses. A defendant may relinquish his right in several ways: if he personally waives the right in court; if his counsel waives the right at his express direction; if his counsel waives the right in open court while he is present; or, as seen most commonly in our case law, if his counsel waives the right and the defendant subsequently acquiesces to that waiver.

(Citations and punctuation omitted.) *Champ v. State*, 310 Ga. 832, 841 (2) (c) (854 SE2d 706) (2021). Acquiescence occurs if a defendant is aware of the proceedings taking place in his absence but remains silent, "so long as he had sufficient information concerning the matters occurring outside his presence for his silence to be fairly construed as consent." (Citations and punctuation omitted.) Id. See also *Burney v. State*, 299 Ga. 813, 819-821 (3) (b) (792 SE2d 354) (2016).

The transcript of Steen's trial reflects that, after the jurors were sworn and retired to the jury room, the trial court announced in open court: "Just for the record, let it reflect that we had a couple

of conferences up here at the bench about some of the jurors, and by agreement we agreed to excuse two jurors," identifying them by name and by number.[3] The trial court then inquired of counsel if that account was correct, and both counsel affirmed that it was. The trial proceeded without any objection on the record from Steen or his trial counsel regarding his right to be present at the bench conferences.

In an amended motion for new trial filed by Steen's second appellate counsel in April 2019, Steen's right-to-be-present claim was raised for the first time. During one of the four hearings on Steen's motion for new trial, trial counsel testified that Steen was present at counsel table during the bench conferences at issue and never indicated that he wished to participate in them. Trial counsel further testified that she and her co-counsel "generally sitting at . . . [counsel] table discussed a lot of the decisions that we were making in voir dire with Mr. Steen." But at a later hearing, Steen testified that he recalled only one bench conference during jury selection and

---

[3] The trial transcript notes two bench conferences during jury selection.

that he had "no clue" what was discussed there. Asked, "Did the court or [trial counsel] educate you as to what they had discussed at the bench conference?" Steen responded, "She did not."

After the fourth hearing on Steen's motion for new trial, the trial court issued an order making findings of fact and conclusions of law with regard to five assertions of error by Steen and concluding, "For the above reasons this Court is denying the defendant's motion for new trial." But those reasons did not include a ruling on Steen's right-to-be-present claim, and the trial court made no findings of fact or conclusions of law regarding it.

"It is well settled that a trial court is not required to issue written findings of fact and conclusions of law when deciding a motion for new trial." *Lynn v. State*, 310 Ga. 608, 611 (2) (852 SE2d 843) (2020). And "in the absence of explicit factual and credibility findings by the trial court, we presume implicit findings were made supporting the trial court's decision." (Citations and punctuation omitted.) *Anthony v. State*, 311 Ga. 293, 297 (3) (857 SE2d 682) (2021). This is certainly true when, as in *Lynn* or *Anthony*, the trial

9

court denies a defendant's motion for new trial in a summary order.

In contrast, here the trial court made explicit findings of fact and conclusions of law with respect to five other assertions of error by Steen, and declared that it was denying Steen's motion for new trial "[f]or the above reasons," thus expressly limiting its findings to the errors addressed. And the testimony at the hearings on Steen's motion for new trial is in conflict with respect to whether Steen "had sufficient information concerning the matters occurring outside his presence" to waive his right to be present at the bench conferences during jury selection. *Champ*, 310 Ga. at 841 (2) (c).

The record does not show that the trial court made any credibility determinations in denying Steen's right-to-be-present claim. This issue therefore must be resolved in the first instance by the trial court, as "decisions regarding credibility are uniquely the province of the trier of fact." (Citation and punctuation omitted.) *Lord v. State*, 304 Ga. 532, 534 (1) n.4 (820 SE2d 16) (2018). See also *Rouzan v. State*, 308 Ga. 894, 901 (2) (843 SE2d 814) (2020) (vacating and remanding for trial court to exercise its discretion to

determine if other acts evidence was properly admitted). Moreover, at oral argument, counsel for Steen and for the State agreed that a remand would be appropriate for the trial court to rule on the right-to-be-present claim.

Accordingly, we vacate the trial court's order in part and remand the case to that court "to find the pertinent facts and then to apply the correct legal standard to resolve the question of [Steen's] waiver of his right to be present," making the necessary credibility determinations and resolving any "conflicting and ambiguous" evidence. (Citation and punctuation omitted.) *Champ*, 310 Ga. at 847 (2) (c);[4] see also *Rouzan*, 309 Ga. at 901 (2). Once the trial court enters its order on remand, any party will have 30 days to file a new notice of appeal of any decision in the order on remand and any other enumeration of error not addressed in this opinion.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.*

---

[4] In *Champ*, the case was remanded for a hearing as well as the required findings, because the right-to-be-present claim was raised for the first time on appeal.

11

Decided October 5, 2021.

Murder. Burke Superior Court. Before Judge Flythe.

*Jordan K. Van Matre*, for appellant.

*Jared T. Williams, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.