### 46854. McBRAYER v. THE STATE.
(383 SE2d 879)

WELTNER, Justice.

Wilma Sue McBrayer shot and killed her former husband, Buman McBrayer, with a shotgun. She was indicted for murder, and was tried and found guilty of felony murder. She was sentenced to life imprisonment.[1]

In the evening hours, McBrayer returned to her trailer to find her former husband driving a vehicle out of her driveway. There was a

---

[1] The crime was committed on August 5, 1986, and McBrayer was indicted during the August 1986 term of Dawson Superior Court. She was found guilty of felony murder on February 13, 1987, and on the same date was sentenced to life imprisonment. Her motion for new trial was filed on March 13, 1987, and was amended on October 8, 1987. It was overruled on October 9, 1987. A notice of appeal was filed on November 6, 1987, and was docketed on March 30, 1988. On April 22, 1988, the case was remanded to the trial court for the purpose of preparing a transcript of voir dire proceedings and conducting a supplemental hearing on the issue of effectiveness of trial counsel. A hearing was held before the trial court on November 17, 1988, and an order overruling the amended motion for new trial was entered on November 23, 1988. A notice of appeal was filed on December 8, 1988. This matter was docketed on March 29, 1989, and was argued on June 5, 1989.

minor collision between their vehicles, which was followed by an angry confrontation. McBrayer later reported that her former husband threw a rock at her vehicle. At trial, McBrayer testified that after the victim left, she entered her trailer and found that her youngest son was absent. Taking a shotgun from her trailer, she drove to the trailer occupied by her former husband. She testified:

> And when I pulled into Buman's, Buman was at his car door with a gun. And I stopped and he started coming toward me. And he came over pointing the gun straight at me, and I raised that one I had, and I said, "Now look, Buman, I just want my baby." And he commented; he said, "He's up at [my sister's house] you ___ ___. I'm going to blow your brains out." And I turned the gun toward [the victim's female companion] and I said, "Buman, that's the ___ ___ that ought to be dead, she's the one that caused all this." . . . And I turned toward [her] and turned back toward Buman, and he looked at her, and he looked back at me and he lowered his gun. . . . I was pulling mine back in. Then I — when it went off I'd looked around and I jumped out of the car.

McBrayer denied pulling the trigger, and acknowledged she was not afraid of the victim after he lowered his weapon.

1. From the evidence in this case, we hold that a rational trier of fact could have found McBrayer guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Before jury selection, McBrayer's lawyer announced to the court that veniremen had been present during the calendar call, and had observed the disposition of guilty pleas and imposition of sentences. He expressed concern that the veniremen had been prejudiced by what they had seen. McBrayer made a motion for continuance, and in the alternative asked for new panels of prospective jurors. The motion was denied, with the reminder that counsel could make inquiry during voir dire concerning any possible prejudice resulting from that which the jurors might have seen or heard. There is no evidence in the record that members of the panels from which the jury was selected witnessed the tender and acceptance of guilty pleas or the imposition of sentences, nor any evidence that any prospective juror was prejudiced by the events that occurred during the calendar call. "Harmful error must be shown 'by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error. [Cit].'" *Continental Ins. Co. v. Carter*, 171 Ga. App. 162, 163 (318 SE2d 770) (1984).

3. We will review the contentions of ineffective assistance of counsel, as raised in McBrayer's motion for new trial, under the principles in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).[2]

(a) McBrayer alleges ineffective assistance in failing to request a continuance in light of reports of jury tampering. On voir dire, the jurors were asked if anyone had made contact with them concerning the case, and all replied in the negative. In view of these responses, a motion for continuance on the ground of possible jury tampering would have been groundless.

(b) McBrayer claims ineffective assistance for failing to seek a change of venue on the ground that Dawson County was an inherently prejudicial setting for her trial. There is no evidence in the record to support such a contention.

(c) McBrayer contends ineffective assistance in failing to submit requests that the trial court charge on the "battered wife syndrome." The "battered wife syndrome" concerns the defense of justification. It is inappropriate to and inconsistent with the defense of accident.

(d) McBrayer contends her trial counsel should have requested a charge relating to the physical disparity between McBrayer and the victim.

> Where self-defense is alleged as justification for the acts of the accused, the physical disparities of the parties are relevant and the jury may properly consider them in determining whether there was a reasonable apprehension of danger, and whether the accused used excessive force to protect himself or to repel an attacker. [Cit.] Physical disparity of the defendant and victim would not generally be relevant where a defendant relies upon a defense of accident, as in the instant case. [Cit.] There was no evidence in the case at bar that [the defendant] fired the weapon out of fear, justification, or in self-defense. [Cit.] Inasmuch as self-defense was not placed in issue and it is not error to refuse to charge on a

---

[2] A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. [Id. at 687.]

theory not in issue, this enumeration is without merit. [Cit.] [*Tew v. State*, 179 Ga. App. 369, 376 (346 SE2d 833) (1986).]

(e) McBrayer contends that her trial counsel should have presented justification as her sole defense to the charge of felony murder. The underlying felony here was aggravated assault, and McBrayer contends that there were several witnesses who could have given testimony concerning prior specific acts of violence by the victim against her, both during their marriage and after their divorce, which would have buttressed her defense. Her lawyer did not call these witnesses, and McBrayer contends this amounted to ineffective assistance of counsel.

> To establish that there has been actual ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. In order to prove the defense has been prejudiced, defendant must show there is a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional deficiencies. [*Baggett v. State*, 257 Ga. 735 (363 SE2d 257) (1988).]

McBrayer's own testimony establishes a want of justification in the shooting of the victim.

We affirm the trial court's holding that McBrayer has failed to show ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 29, 1989 —
RECONSIDERATION DENIED OCTOBER 18, 1989.

*J. Richardson Brannon*, for appellant.

*C. Andrew Fuller*, District Attorney, *Daniel A. Summer*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Richard C. Litwin*, for appellee.