## A91A0224. GRISSETT v. THE STATE.
(405 SE2d 542)

BIRDSONG, Presiding Judge.

Appellant, Timothy K. Grissett, was convicted of aggravated assault by shooting William Todd Chapman in the abdomen with a deadly weapon, to-wit a pistol; he appeals the order of the trial court denying his motion for new trial. At trial appellant admitted the shooting but claimed self-defense. *Held*:

1. Appellant asserts the trial court erred in instructing the jury on "flight." On appeal mere error will not justify reversal of a judgment of conviction; in order for reversal of judgment of conviction to be warranted, the error must constitute reversible error. See *McBrayer v. State*, 259 Ga. 513, 514 (2) (383 SE2d 879); *Blanton v. State*, 191 Ga. App. 454 (2) (382 SE2d 133). As this case was tried before January 10, 1991, the giving of a flight instruction did not constitute reversible error. *Renner v. State*, 260 Ga. 515, 518 (3), n. 2 (397 SE2d 683).

Moreover, immediately following the court's instructions, appellant voluntarily took exception to the charge on impeachment of a witness by prior contradictory statement, but did not take exception to the flight charge though the judge thereafter inquired whether appellant had anything else to be raised; even after the jury requested the instruction on flight be repeated, appellant still posed no objection or exception to the flight charge. Having elected to take immediate exception to a portion of the charges at trial, rather than reserving a right to except or object to all charges until motion for new trial or on appeal, appellant waived his right to assert a charging error on appeal to the remaining portion of the charges to which he did not so object or except. *Whatley v. State*, 196 Ga. App. 73, 76 (2) (395 SE2d 582).

2. Appellant asserts the evidence was insufficient to sustain the conviction. At trial appellant admitted shooting the victim but claimed self-defense; after the shooting, appellant threw the gun away; and, he made a voluntary, oral, pretrial statement to the police claiming he was just riding around getting drunk and denying any knowledge of a weapon or of a shooting incident. A witness testified appellant could have left the scene after he was kicked and before shooting the victim. Evidence was introduced that appellant fled after the shooting.

On appeal the evidence is viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). Review of the transcript in a light most favorable to the jury's verdict reveals

ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offense charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

3. Appellant asserts the trial court erred in restricting direct examination of appellant by sustaining an objection to the question, "[w]ould you have shot [the victim] if he had gone on like you asked him and got back in his car?" Appellant asserts the evidence to be elicited by this question was relevant and material as to his state of mind. The record reflects appellant in fact answered the question, and though the objection was sustained, no motion was made to strike the response and no instruction was requested or given that the jury disregard the response. Further, the question as posed required appellant to speculate as to his course of conduct in a hypothetical situation and to express an opinion thereto; and, following the sustaining of the objection, appellant's counsel made no timely attempt to rephrase the question. Also, an eyewitness did testify during redirect examination by the State that he believed appellant would not have shot if the victim and his friend had left. Evidence admissibility is a matter which rests largely within the discretion of the trial court, and we are satisfied the trial court did not abuse its discretion in sustaining the objection to the question posed. Assuming arguendo error had occurred, it is highly probable it did not contribute to the finding of guilt in this case, and therefore was harmless within the meaning of *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED APRIL 11, 1991.

*Worthington & Flournoy, Samuel W. Worthington III*, for appellant.

*Douglas C. Pullen, District Attorney, J. Curtiss Bernard, Assistant District Attorney*, for appellee.