S07A1706. BRADLEY v. THE STATE.

(656 SE2d 842)

SEARS, Chief Justice.

In 2001, a Fulton County jury convicted Tyrone D. Bradley of felony murder and aggravated assault in connection with the shooting death of Terrance Allen. Bradley admits he killed the victim but claims he did so in self-defense. Bradley appeals, arguing that the evidence presented at trial was insufficient to support the verdict and that he received constitutionally ineffective assistance of counsel at trial. Finding no merit in these arguments, we affirm.[1]

1. The evidence presented at trial would have enabled a rational trier of fact to find as follows. On the morning of September 17, 1996, Tyrone D. Bradley purchased a .38 caliber handgun from a drug addict for $40, apparently because he thought it was a good deal. Shortly after noon, he carried the gun with him to a convenience store and gas station in his neighborhood. When Bradley arrived, his uncle, whom he had not seen in a while, was standing outside talking to Terrance Allen. According to Bradley, Allen had robbed him twice at gunpoint during the preceding year, and Allen was interspersing his conversation with Bradley's uncle with raps about robbing people. Bradley exchanged pleasantries with his uncle and then went into the store to buy a bottled water. However, the line was long, so Bradley went back outside and sat on the owner's van, which was parked near the front door. Allen and Bradley's uncle were standing several feet away by the icebox smoking marijuana.

---

[1] Bradley committed his crimes on the afternoon of September 17, 1996. A Fulton County grand jury indicted Bradley for malice murder, felony murder, and aggravated assault on December 20, 1996. The jury acquitted Bradley of the malice murder charge but convicted him of felony murder and aggravated assault on April 17, 2001. The trial court merged the aggravated assault conviction into the felony murder conviction and sentenced Bradley to life in prison on April 20, 2001. Bradley filed a motion for new trial on May 17, 2001, and an amended motion for new trial on June 30, 2006. The trial court denied the new trial motion on November 6, 2006, and Bradley filed a timely notice of appeal. The case was docketed in this Court on July 26, 2007, and submitted for decision on the briefs.

Bradley eventually went back into the store and purchased his bottled water. As he was coming out of the store, he pulled out his new handgun and began firing in Allen's direction. Allen saw the gun, yelled "oh, shit," and turned to run away, but it was too late. Bradley shot Allen four times, hitting him twice in the upper back and in his left hip and hand. One of the shots to the back went through Allen's heart, causing his death within minutes. As Allen lay dying, Bradley fled the scene, discarding the weapon in a residential neighborhood even though it was still loaded. Bradley claimed he was afraid of Allen, that Allen was armed that day, and that he shot Allen in self-defense, but no weapon was found at the scene, and the other eyewitnesses contradicted Bradley's account of what happened. Moreover, there were significant discrepancies between the statement Bradley gave to police a few weeks later when he was arrested and the testimony he gave on the stand at trial.

Having reviewed the record in the light most favorable to the jury's verdict, we have no difficulty concluding that the evidence presented at trial was more than sufficient to enable a rational trier of fact to reject Bradley's claim of self-defense and find him guilty beyond a reasonable doubt of aggravated assault and felony murder.[2]

2. In order to prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different.[3] However, " '(i)n ruling on an ineffectiveness claim, this Court need not analyze the deficient performance prong if the Court determines the prejudice prong has not been satisfied.' "[4]

Bradley contends trial counsel's performance was deficient in failing to do three things: (1) raise a Confrontation Clause objection to a police officer's testimony about statements made to him at the scene of the crime by non-testifying eyewitnesses; (2) cross-examine two witnesses regarding their identification of Bradley as the shooter; and (3) object to the admission of Bradley's arrest warrant. Even if we assume that these items rise to the level of constitutionally deficient performance of counsel, Bradley's ineffective assistance of counsel claim must fail, because he has failed to demonstrate that but for counsel's alleged errors, there is a reasonable probability that the jury would have acquitted him.

---

[2] *Jackson v. Virginia*, 443 U. S. 307, 309 (99 SC 2781, 61 LE2d 560) (1979); *In re Winship*, 397 U. S. 358, 361-364 (90 SC 1068, 25 LE2d 368) (1970).

[3] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[4] *Jackson v. State*, 282 Ga. 494, 497 (651 SE2d 702) (2007) (quoting *Fortson v. State*, 280 Ga. 435, 436 (629 SE2d 798) (2006)).

Bradley admitted he shot Allen in broad daylight in front of numerous witnesses. The only issue at trial was whether he did so in self-defense. The jury heard Bradley tell his story, and they adjudged him not credible. Moreover, there was plenty of evidence in the record to support the jury's finding that Bradley lied when he said he shot Allen in self-defense. Even if the arrest warrant had been excluded, even if the two witnesses had been cross-examined regarding their identification of Bradley as the shooter, and even if the non-testifying eyewitnesses' statements had not been relayed to the jury by the police officer, there is no reasonable probability that the jury would have found Bradley not guilty of aggravated assault and felony murder. Accordingly, the trial court properly rejected Bradley's ineffective assistance of trial counsel claim.

*Judgment affirmed. All the Justices concur.*

## DECIDED JANUARY 28, 2008.

*Zell & Zell, Rodney S. Zell,* for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.