## S11A0382. GRESHAM v. THE STATE.

(709 SE2d 780)

THOMPSON, Justice.

Appellant Antonio Bernard Gresham was convicted of malice murder and possession of a weapon during the commission of a crime, in connection with the shooting death of his wife, Carol Gresham.[1] He appeals, asserting, inter alia, the State failed to prove venue in Clayton County, Georgia.

1. Appellant and his wife's cousin, Broderick Turner, spent the night drinking heavily. They returned to appellant's house in the early morning hours so appellant could get money to repay Turner for some of the evening's expenses. Before entering his house, appellant retrieved his gun, a Taurus .45 caliber pistol, from Turner's car. Turner followed appellant into the house and heard appellant demand money from his wife, who was lying in bed, unarmed and under the covers. Seconds later, appellant shot his wife in the head two times in rapid succession. She died immediately. The evidence is sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder and possession of a weapon during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant asserts the State failed to prove venue beyond a reasonable doubt because, although the State demonstrated that the crime occurred in Clayton County, no evidence was introduced

---

[1] The crimes occurred on December 31, 2007. The grand jury indicted appellant in November 2008, and charged him with malice murder, felony murder, two counts of aggravated assault and possession of a weapon during the commission of a crime. Trial commenced on June 30, 2009, and the jury returned its verdict finding appellant guilty on all charges. The trial court sentenced appellant on July 2, 2009, to life in prison for malice murder, twenty years consecutive on one of the aggravated assault charges, and five years consecutive on the weapons possession charge. Appellant's timely filed motion for new trial was denied on August 9, 2010, and appellant filed a notice of appeal on September 7, 2010. The appeal was docketed for the January 2011 term in this Court and submitted for decision on the briefs on December 27, 2010.

showing that Clayton County is in Georgia. We disagree.

> The Court sat, and the trial was had in the County of [Clayton], and the proof was that the crime was committed . . . in the County of [Clayton]. That the Court was sitting in the County of [Clayton] and *State of Georgia* was a fact known to the Court from its own records and the public law. When therefore it was proven that the crime was committed in the County of [Clayton], it was proven that it was committed in the County in which the Court entertained jurisdiction over it. *Non constat* that there is in *Georgia* any other County called [Clayton]. There is no use in discussing a question like this. If such an exception were sustainable, it could be done alone by taking leave of common sense, and by yielding the solid virtue of judicial investigation to a distinction too subtle to command the least respect.

*Mitchum v. State*, 11 Ga. 615, 619 (1852). See also OCGA § 17-2-2 (State need only prove the county in which the crime was committed).

3. Appellant contends the trial court erred in refusing to charge the jury on voluntary manslaughter. In this regard, appellant points to his own testimony wherein he averred: "We were having an argument about money and I was getting agitated and angry. [The victim] could see that and she stated remember what happened to your ass the last time and I will do it again[2] and I snapped." This evidence was insufficient to show that appellant acted "solely as the result of a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person." OCGA § 16-5-2 (a). To put it simply, words alone are not sufficient provocation to excite the passion necessary to give rise to voluntary manslaughter. *Paul v. State*, 274 Ga. 601, 605 (555 SE2d 716) (2001). It follows that the trial court did not err in refusing to give a voluntary manslaughter charge.

4. Appellant's claim that the trial court's charge led the jury to convict because it "unfairly tilted towards guilt" was not raised below and will not be heard on appeal. *Collier v. State*, 288 Ga. 756 (707 SE2d 102) (2011); *Lacey v. State*, 288 Ga. 341 (2) (703 SE2d 617) (2010). Moreover, assuming a plain error analysis would be appropriate in this case, we find no plain error pursuant to OCGA § 17-8-58 (b).

---

[2] The victim shot appellant in 2005.

5. Appellant asserts trial counsel rendered ineffective assistance because he failed to challenge Counts 2[3] and 5[4] of the indictment, to adequately investigate the evidence,[5] to move for a directed verdict of acquittal, and to poll the jury. This assertion is wholly without merit. It cannot be said that any of the alleged failures on the part of trial counsel, who was the chief assistant public defender with more than twenty years of criminal experience and a hundred jury trials, were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *McBrayer v. State*, 259 Ga. 513, 515, n. 2 (383 SE2d 879) (1989). Moreover, even if it could be said that trial counsel was deficient in his performance, appellant failed to show that, but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. *Miller v. State*, 285 Ga. 285 (676 SE2d 173) (2009); *Bradley v. State*, 283 Ga. 45 (2) (656 SE2d 842) (2008).

6. Appellant was convicted of malice murder, felony murder, two counts of aggravated assault, and possession of a weapon during the commission of a crime. The trial court sentenced appellant to life in prison for malice murder, twenty years consecutive on one[6] of the two aggravated assault counts, and five years consecutive on the weapons possession count. Appellant contends the trial court erred in sentencing appellant on the aggravated assault count. We agree.

> When valid guilty verdicts are returned on both alternative counts of malice and felony murder, the alternative felony murder count is vacated by operation of OCGA § 16-1-7. Thus, there is no felony murder count into which the underlying felony can merge, since the felony murder conviction has been statutorily vacated. Accordingly, it should be immaterial whether that statutory effect is initially recognized by the trial court's imposition of a sentence only as to the alternative malice murder count or whether the trial court's error in failing to recognize that statutory effect is ultimately corrected by this court's vacating of the sentence on the alternative felony murder count. . . . In either event, the end result is that the defendant has only

---

[3] This count charged appellant with felony murder.

[4] In this count, appellant was accused of possession of a weapon during the commission of a crime in that he had on his person a firearm during the commission of an aggravated assault against the victim.

[5] More particularly, appellant posits that trial counsel did not adequately review tapes of the 911 calls. (Trial counsel actually testified that it was his standard practice to listen to such tapes, that he probably did so, but that he had no independent recollection of it.)

[6] This was Count 3 of the indictment which charged appellant with making an assault upon the victim with intent to murder. See OCGA § 16-5-21 (a).

been "sentenced for malice murder, not felony murder. . . ." [Cit.] Accordingly . . . we proceed to determine whether the underlying felon[y] in the instant case merged, as a matter of fact, into appellant's valid malice murder conviction.

*Malcolm v. State*, 263 Ga. 369, 374 (434 SE2d 479) (1993).

The evidence demonstrated that the aggravated assault upon the victim and the murder of the victim occurred simultaneously. Thus, the evidence used to prove the aggravated assault offense was established by the same but not all of the facts required to prove malice murder, and the conviction and sentence for the aggravated assault count must be set aside. *Malcolm*, supra (citing *Montes v. State*, 262 Ga. 473, 474 (1) (421 SE2d 710) (1992)).

*Judgment affirmed in part and vacated in part. All the Justices concur, except Nahmias, J., who concurs specially.*

NAHMIAS, Justice, concurring specially.

For the reasons given in my special concurrence in *Collier v. State*, 288 Ga. 756 (707 SE2d 102) (2011), I believe that OCGA § 17-8-58 (b) mandates that appellate courts apply plain error review to enumerated errors regarding jury charges that were not objected to at trial as required by OCGA § 17-8-58 (a). I therefore do not agree that we should merely "assum[e]" that plain error review is proper in this case, as the majority does in Division 4, see Maj. Op. at 104, thereby again leaving the conflict in our case law on this issue unresolved. Accordingly, I do not join that portion of the majority opinion, although I join the remainder of the opinion and the judgment.

DECIDED APRIL 18, 2011.

*Herbert Adams, Jr.*, for appellant.

*Tracy Graham-Lawson, District Attorney, Billy J. Dixon, Assistant District Attorney, Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.