S12A2039. MERRITT v. THE STATE.
(737 SE2d 673)

BLACKWELL, Justice.

Montay Lee Merritt was tried by a Clayton County jury and convicted of the murder of his wife, Alesha. Following the denial of his motion for new trial, Merritt appeals, contending that the evidence is insufficient to sustain his conviction and that the trial court erred when it failed to charge the jury on voluntary manslaughter as a

lesser included offense. Upon our review of the briefs and record, we find no error, and we affirm.[1]

1. Viewed in the light most favorable to the verdict, the evidence shows that Merritt sent a text message to his sister, Monica Edwards, early on the morning of December 6, 2008. In that message, Merritt wrote:

> Monica, plz call me! I thk I killed lisa. We argued last night. I choked hern she still on the floor naked. I havent touched her though. PLZ CALL ME[.] SCARFACE.

When family members and emergency response personnel arrived later that morning at the home Merritt shared with Alesha — who also was known as "Lisa" — they found her body on the floor of a bedroom, face down. By the time she was found, Alesha had been dead between two and four hours.

Merritt gave a statement to police officers. The night before her death, Merritt said, he and Alesha had argued about another woman, who apparently was pregnant with his child. Merritt explained, however, that their argument did not lead to any physical contact, and he and Alesha had fallen asleep around 11:00 p.m. The next morning, Merritt said, he awoke to find Alesha on the floor, tried unsuccessfully to awaken her, and then returned to his bed. Merritt denied killing Alesha, but he admitted sending the text message to his sister, a message that he was unable to explain.

At trial, a family member testified that Merritt had threatened to kill Alesha in her sleep only a couple of weeks before her death. And the medical examiner testified that Alesha died of asphyxia by strangulation. The medical examiner noted that Alesha had suffered a traumatic fracture of her thyroid cartilage, as well as petechial hemorrhaging, all of which was consistent with her having been strangled. Although Alesha had no visible bruising or abrasions on her neck, the medical examiner explained that the absence of such

---

[1] The events that form the basis for the conviction occurred on or about December 6, 2008. Merritt was indicted on June 4, 2009 and charged with malice murder, felony murder, and aggravated assault. His trial commenced on May 17, 2010, and the jury returned its verdict on May 20, 2010, finding Merritt guilty on all counts. The verdict as to felony murder was vacated, the aggravated assault merged into malice murder, see *Malcolm v. State*, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993), and on June 7, 2010, the trial court sentenced Merritt to imprisonment for life for malice murder. Merritt filed a motion for new trial on June 28, 2010, and he amended it on October 3, 2011. The trial court denied the motion for new trial as amended on February 24, 2012. Merritt timely filed his notice of appeal on February 29, 2012, and the case was docketed in this Court for the September 2012 term and submitted for decision on the briefs.

injuries is not uncommon in cases of strangulation, and he opined that such injuries might well be absent if the victim were unconscious when strangled, or if a forearm were used to strangle the victim.

On appeal, Merritt contends that the evidence is insufficient to sustain his conviction. More specifically, he argues that the text message to his sister was only an incriminating admission, not a confession, that the evidence of his guilt is, therefore, only circumstantial, and that the State was required to come forward with proof sufficient to exclude every reasonable hypothesis other than his guilt. See *Simmons v. State*, 291 Ga. 705, 706 (1) (733 SE2d 280) (2012) (where only evidence is circumstantial, State must disprove every reasonable hypothesis other than guilt of the accused). The State failed to carry this burden, Merritt says, inasmuch as the expert testimony showed reasonable explanations for the death of his wife other than strangulation. But the text message was not a mere admission. In it, Merritt admitted the "main fact" of the crime of which he was convicted, namely that he choked and caused the death of Alesha. See *Robinson v. State*, 232 Ga. 123, 126 (2) (205 SE2d 210) (1974) (a confession is "[a]n admission of the main fact, from which the essential elements of the criminal act may be inferred," without "a qualifying exclusion of a necessary ingredient of the crime charged," such as "facts or circumstances which show excuse or justification") (citations and punctuation omitted). The text message did not qualify this admission, was not exculpatory, and contained no proof of justification or excuse.[2] Accordingly, the text message "is not a mere incriminating admission, but is a confession." *Yarn v. State*, 265 Ga. 787, 788 (2) (462 SE2d 359) (1995) (citations omitted). This is not, therefore, a purely circumstantial case. See id.

According to former OCGA § 24-3-53,[3] "[a] confession alone, uncorroborated by any other evidence, shall not justify a conviction." Nevertheless, "a confession, freely and voluntarily made, is evidence of the highest character, and any corroboration thereof will be sufficient to sustain a conviction." *Rockholt v. State*, 291 Ga. 85, 87 (1) (727 SE2d 492) (2012) (citations and punctuation omitted). When a jury finds that a confession is corroborated, it need not find proof of guilt

---

[2] We note that the portion of the text message in which Merritt wrote that "I havent touched her" is not exculpatory. Read in the context of the statements that precede it, this statement can only be understood to mean that Merritt had not touched Alesha since choking her, apparently killing her, and leaving her body on the floor.

[3] Because this case was tried before January 1, 2013, our new Evidence Code does not apply. See Ga. L. 2011, pp. 99, 214, § 101. We note, however, that the provision of former OCGA § 24-3-53 was carried forward without change into the new Evidence Code, where it is found at OCGA § 24-8-823.

beyond a reasonable doubt "from evidence separate from and wholly independent of the confession, and [it] instead may consider the confession along with other facts and circumstances independent of and separate from it." *Rogers v. State*, 290 Ga. 401, 403 (1) (721 SE2d 864) (2012) (citation and punctuation omitted). The confession in this case was sufficiently corroborated by independent evidence that Alesha was found dead on the floor, that she died from manual strangulation, that Merritt was present at the time of her death, and that Merritt previously had threatened to kill her in her sleep. See *Sheffield v. State*, 281 Ga. 33, 34 (1) (635 SE2d 776) (2006); *Kirkland v. State*, 271 Ga. 217, 218 (1) (518 SE2d 687) (1999); *Barnes v. State*, 260 Ga. 398, 399 (2) (396 SE2d 207) (1990).

Merritt points to certain evidence that impeached, he contends, the testimony of the medical examiner, including the testimony of his own expert witnesses, as well as evidence that the medical examiner was predisposed by his knowledge that strangulation was suspected. "As we have explained before, however, it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." *Nicely v. State*, 291 Ga. 788, 790 (1) (733 SE2d 715) (2012). Accordingly, we conclude that the evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Appellant was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979). See also *Brown v. State*, 277 Ga. 573 (1) (592 SE2d 666) (2004).

2. We turn now to the contention that the trial court should have charged the jury on voluntary manslaughter as a lesser included offense. Although Merritt filed a written request for an instruction on voluntary manslaughter and argued at the charge conference that such an instruction ought to be given, he failed to object to the jury charge that the trial court eventually gave. "Because an objection voiced at the charge conference does not preserve objections to the charge as subsequently given, the failure to object to the charge as given precludes appellate review unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties." *White v. State*, 291 Ga. 7, 8 (2) (727 SE2d 109) (2012) (citation and punctuation omitted). "Despite the lack of objection below, the omission of the jury instruction [on voluntary manslaughter] was raised on motion for new trial and enumerated as error and argued on appeal in this case." *Carruth v. State*, 290 Ga. 342, 347-348 (6) (721 SE2d 80) (2012). Consequently, we will review the failure to charge on voluntary manslaughter, but we review only for plain error, meaning an error that is "obvious, [that] likely affected the outcome

of the proceedings, and [that] seriously affects the fairness, integrity or public reputation of judicial proceedings." *White*, 291 Ga. at 8 (2) (citation omitted). We find no plain error here.

"A trial court is required to give a requested charge on voluntary manslaughter if there is slight evidence showing that the victim seriously provoked the defendant, causing the defendant to kill the victim 'solely as the result of a sudden, violent, and irresistible passion,' OCGA § 16-5-2 (a)." *Keita v. State*, 285 Ga. 767, 770 (2) (684 SE2d 233) (2009) (citation omitted). The evidence in this case shows, at most, that Merritt and his wife argued about his own infidelity and that he choked and killed her early the next morning. As a matter of law, angry statements alone ordinarily do not amount to "serious provocation" within the meaning of OCGA § 16-5-2 (a). *Davidson v. State*, 289 Ga. 194, 197 (2) (709 SE2d 814) (2011). "To put it simply, words alone [generally] are not sufficient provocation to excite the passion necessary to give rise to voluntary manslaughter." *Gresham v. State*, 289 Ga. 103, 104 (3) (709 SE2d 780) (2011) (citation omitted). Compare *Davis v. State*, 290 Ga. 421, 423-424 (2) (721 SE2d 886) (2012) (noting that words alone may be sufficient where victim, who is married to accused, recounts her adultery and taunts the accused with descriptions of her adulterous conduct). Moreover, it appears from the evidence that a few hours passed between the argument and the killing. See *Howard v. State*, 288 Ga. 741, 745-746 (4) (707 SE2d 80) (2011); *Foshee v. State*, 256 Ga. 555, 557 (3) (350 SE2d 416) (1986). Merritt takes issue with the conclusion of the trial court that there was no evidence of physical contact between him and his wife, but other than Merritt choking his wife, the trial court was exactly right. And Merritt cannot, of course, rely upon his own act of choking his wife to establish the physical contact that might show provocation sufficient to form the basis for a voluntary manslaughter charge. See *Ros v. State*, 279 Ga. 604, 608 (6) (619 SE2d 644) (2005). Because there was no evidence of serious provocation, the trial court did not err when it refused to charge the jury on voluntary manslaughter. See *Gresham*, 289 Ga. at 104 (3); *Keita*, 285 Ga. at 770 (2). For this reason, Merritt has failed to show plain error, see *White*, 291 Ga. at 9 (2), and the jury charge gives no occasion for us to reverse the conviction below.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2013.

*Stanley W. Schoolcraft III*, for appellant.

*Tracy Graham-Lawson, District Attorney, Elizabeth A. Baker, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.