S13A0776. WHEELER v. THE STATE.
(744 SE2d 792)

THOMPSON, Presiding Justice.
Appellant Ninja Hassan Wheeler was convicted of murder, armed robbery, and other crimes arising out of the shooting death of Steven Green.[1] He appeals from the denial of his motion for new trial,

---

[1] The crimes were committed on November 6, 2009. Appellant was indicted by a Chatham County grand jury on January 5, 2011, and charged with malice murder, three counts of felony murder, armed robbery, two counts of aggravated assault, possession of a firearm by a convicted

asserting the evidence was insufficient to support his conviction for malice murder. Finding no error, we affirm.

Viewed in the light most favorable to the verdict, the jury was authorized to find that appellant, Lakeya Jenkins, and others developed a plan to rob Green, who was known to carry cash on his person. On the day of the crimes, Jenkins contacted Green to arrange a meeting at a home Green had placed for rent. While Green showed the home to Jenkins, appellant, who had hidden in the home, emerged with a gun, took cash and checks from Green's pockets, and fatally shot Green. Appellant was arrested eleven months later and during an interview with police, he admitted he lured Green to the rental home with the intent to rob him, he shot Green until he dropped to the floor, and he then decided to "finish him" and shot again. At trial, appellant testified he confessed only to protect Jenkins but admitted he participated in the planning and execution of the robbery, he was inside the home when the fatal shots were fired, and after the shooting he told the others to shut up and keep quiet about the crimes.

Appellant contends the evidence was insufficient to support his conviction for malice murder because he retracted his confession, leaving as the only evidence of guilt his testimony at trial and that of Jenkins, a co-conspirator who testified as part of a plea agreement with the State. Appellant's argument ignores the fact that Jenkins, whose testimony the jury was free to find credible, testified that appellant was directly involved in the crimes and that even his own admissions at trial were sufficient to establish his guilt of malice murder as a party to a crime. See *Merritt v. State*, 292 Ga. 327, 330 (737 SE2d 673) (2013) (defendant's confession sufficiently corroborated by other independent evidence of circumstances of death); *Nicely v. State*, 291 Ga. 788, 790 (1) (733 SE2d 715) (2012) (" 'it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient' "); OCGA § 16-2-20 (party to a crime). We conclude the evidence

---

felon, and two counts of possession of a firearm during the commission of a crime. Trial commenced on April 30, 2012, and the jury returned its verdict on May 3, 2012, finding appellant guilty on all counts. The trial court sentenced appellant that same day to life in prison for malice murder, life in prison for armed robbery to run consecutively, five years imprisonment for possession of a firearm by a convicted felon to run consecutively, and five consecutive years imprisonment for possession of a firearm during the commission of a crime. The remaining counts of the indictment merged or were vacated by operation of law. *Malcolm v. State*, 263 Ga. 369 (4) (434 SE2d 479) (1993). Appellant filed his motion for a new trial on May 8, 2012, and amended the motion on December 7, 2012. The motion for new trial was denied on December 11, 2012. After appellant filed a notice of appeal on December 20, 2012, the appeal was docketed to the April 2013 term of this Court and submitted for decision on the briefs.

was sufficient to enable a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crime of malice murder and the other crimes for which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 17, 2013.

*Ryan S. Raines*, for appellant.

*Meg E. Heap, District Attorney, Anna Guardino, Donna R. Sims, Assistant District Attorneys, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Brittany N. Jones, Assistant Attorney General*, for appellee.