**FOURTH DIVISION
DILLARD, P. J.,
RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**August 16, 2023**

# In the Court of Appeals of Georgia

A23A0667. STRINGER v. THE STATE.

DILLARD, Presiding Judge.

Following trial, a jury convicted Jarodric Stringer on charges of misdemeanor fleeing or attempting to elude a police officer, felony obstruction of a police officer, simple battery, possession of less than an ounce of marijuana, possession of drug-related objects, possession of an open alcoholic beverage container in the passenger area of a motor vehicle, and failure to stop at a stop sign. Stringer now appeals, arguing the trial court erred by failing to charge the jury on the offense of misdemeanor obstruction (as a lesser-included offense of felony obstruction), and challenging sufficiency of the evidence supporting his conviction on the charge of possession of less than an ounce of marijuana. For the following reasons, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that around 11:00 p.m. on June 10, 2018, Officer Kyle Jones with the Camilla Police Department—having just returned from patrol—was parking his marked patrol car when he noticed a vehicle approach an intersection with a stop sign and fail to stop until it had already passed the white stop line. After pausing briefly, the driver of the vehicle—who Officer Jones believed was playing music much too loudly—sped away. At that point, Officer Jones decided to follow the vehicle; and moments later, he activated his patrol car's blue lights and initiated a traffic stop.

After both vehicles stopped, Officer Jones approached, spoke to the driver (whose license identified him as Stringer), and explained that he pulled him over for not stopping until he was past the white line at an intersection, as well as for a noise violation. During this conversation, Officer Jones smelled the odor of burning marijuana emanating from Stringer's vehicle; and when he inquired about the odor, Stringer admitted to smoking marijuana at his girlfriend's house earlier that day. In light of this response, Officer Jones informed Stringer that he was going to conduct a search and asked him to exit the vehicle. Stringer politely complied; and upon exiting his vehicle, he emptied his pockets at Officer Jones's request.

---

[1] *See, e.g.*, *Libri v. State*, 346 Ga. App. 420, 421 (816 SE2d 417) (2018).

Within a few minutes, backup officers arrived on the scene, at which point Officer Jones and one of the other officers began searching Stringer's vehicle. Immediately, the other officer found an open and partially full alcoholic beverage container behind the front passenger seat. Informed of this discovery, Officer Jones walked to that side of the vehicle and told the other officer to keep an eye on Stringer. But at that very moment, Stringer jumped back into the driver's seat of his vehicle. And as a third officer tried to pull Stringer from the driver's side, Officer Jones opened the front passenger door and leaned in to try to turn off the ignition. But Stringer hit the gas pedal, dragging Officer Jones's feet, which were still outside of the vehicle.

Lying across the width of the passenger seat, Officer Jones attempted to shift the vehicle into park while Stringer was trying to strike him in the face and allegedly grab his firearm. Eventually, Officer Jones was able to place Stringer in a choke-hold, and the vehicle hit a curb, causing it to stop. Stringer escaped and tried to flee on foot, but he was quickly apprehended by one of the other officers and arrested. Subsequently, while performing an additional search of Stringer's vehicle, officers recovered marijuana and drug-related objects.

Thereafter, the State charged Stringer (via indictment) with one count each of attempt to remove a firearm from a police officer; felony fleeing or attempting to elude a police officer; criminal damage to property in the second degree; felony obstruction of an officer; aggravated assault upon an officer; possession of less than one ounce of marijuana; possession of drug-related objects; possession of an open alcoholic beverage container in the passenger area of a motor vehicle; failure to stop at a stop sign; and violating the statute limiting the sound emitted by a car stereo. The case then proceeded to trial, during which the State presented the evidence previously mentioned, which included video from Officer Jones's dashboard and body cameras. Additionally, Stringer testified in his own defense. Although he admitted to possessing the marijuana found in his vehicle and attempting to flee, he denied striking Officer Jones or attempting to grab his firearm.

At the conclusion of the trial, the jury found Stringer not guilty of attempting to remove a firearm but guilty of misdemeanor fleeing or attempting to elude, felony obstruction, simple battery as a lesser-included offense of aggravated assault, possession of less than one ounce of marijuana, possession of drug-related objects, possession of an open alcoholic beverage container in the passenger area of a motor

4

vehicle, failure to stop at a stop sign; and not guilty of a sound violation.[2] Stringer then filed a motion for new trial, which the trial court denied. This appeal follows.

1. Stringer first contends the trial court erred by failing to charge the jury on the offense of misdemeanor obstruction as a lesser-included offense of felony obstruction. We disagree.

Importantly, Stringer did not request an instruction on the offense of misdemeanor obstruction as a lesser-included offense of felony obstruction. Rather, at the beginning of the charge conference, he requested an instruction on obstruction *generally*, as a lesser-included offense to the aggravated-assault charge. The State objected, noting there was already an obstruction count in the indictment; and the trial court refused Stringer's request. The charge conference continued, and the trial court indicated that it *would* instruct the jury on simple battery as a lesser-included offense to the aggravated-assault count in the indictment; but Stringer never specifically requested a misdemeanor-obstruction instruction. After closing arguments, the trial court instructed the jury but made no mention of misdemeanor obstruction during the instruction on the felony obstruction charge in the indictment. And following the jury

_____

[2] Prior to jury selection, the State dismissed the second degree criminal-damage-to-property charge.

charges, when the trial court asked if there were any objections, both parties responded that they had none.

Given these circumstances, our review of this claim of error is significantly constrained. Indeed, under OCGA § 17-8-58, "[a]ny party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate."[3] The failure to do so precludes appellate review of such portion of the jury charge, unless "such portion of the jury charge constitutes plain error which affects the substantial rights of the parties."[4] In such cases, the proper inquiry is whether "the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings."[5] And because Stringer failed to

---

[3] OCGA § 17-8-58 (a).

[4] OCGA § 17-8-58 (b); *see Alvelo v. State*, 290 Ga. 609, 614 (5) (724 SE2d 377) (2012) (holding that OCGA § 17-8-58 (b) requires an appellate court to review for plain error an alleged jury-instruction error to which no objection was raised at trial); *Issa v. State*, 340 Ga. App. 327, 336 (4) (796 SE2d 725) (2017) (same).

[5] *Alvelo*, 290 Ga. at 615 (5) (punctuation omitted); *accord Issa*, 340 Ga. App. at 336 (4); *see Williams v. State*, 306 Ga. 717, 720 (2) (832 SE2d 805) (2019) ("When reviewing a jury instruction for plain error that has not been affirmatively waived, the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceedings." (punctuation omitted)).

object to the trial court's jury instructions, our review is limited to consideration in this regard.[6] Suffice it to say, satisfying the plain-error standard is "difficult, as it should be,"[7] and the burden of establishing plain error "falls squarely on the defendant."[8]

Turning to the instruction at issue, under OCGA § 16-10-24 (a), "[m]isdemeanor obstruction requires proof that the defendant knowingly and wilfully obstructed or hindered a law enforcement officer in the lawful discharge of his official duties."[9] Of course, felony obstruction has the same elements that must be

_____

[6] *See* OCGA § 17-8-58 (b); *see also Merritt v. State*, 292 Ga. 327, 330 (2) (737 SE2d 673) (2013) (noting that even an objection voiced at the charge conference does not preserve objections to the charges subsequently given and, thus, appellate review of such charges is limited to review for plain error).

[7] *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) (punctuation omitted) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (II) (129 SCt 1423, 173 LE2d 266) (2009)).

[8] *State v. Crist*, 341 Ga. App. 411, 415 (801 SE2d 545) (2017); *see Anderson v. State*, 299 Ga. 193, 196 (2) (787 SE2d 202) (2016) ("To show plain error, [the defendant] must establish not only that the jury instruction was erroneous, but also that it was obviously so and that it likely affected the outcome of the proceedings." (punctuation omitted)).

[9] *Watson v. State*, 328 Ga. App. 832, 835 (1) (763 SE2d 122) (2014) (punctuation omitted); *see* OCGA § 16-10-24 (a) ("Except as otherwise provided in subsection (b) of this Code section, a person who knowingly and willfully obstructs or hinders any law enforcement officer . . . in the lawful discharge of his or her

7

proven as misdemeanor obstruction, in addition to one more element—"that the defendant obstructed the officer by offering or doing violence to the person of such officer."[10]

Here, the indictment charged Stringer with felony obstruction by alleging that he "did knowingly and willfully oppose [Officer Jones] . . . in the lawful discharge of his official duties by doing violence . . . by fleeing from officer in his automobile while said officer was hanging off the side of said car and by striking said officer about the head . . . ." Importantly, the trial court's instruction to the jury as to felony obstruction was nearly identical to the wording of OCGA § 16-10-24 (b), and the evidence showed that Stringer hindered Officer Jones in performing his duties by attempting to drive away and striking the officer as his feet were still outside the moving vehicle.[11] So, even if the trial court erred by failing to give an instruction on

official duties shall be guilty of a misdemeanor.").

[10] *Watson*, 328 Ga. App. at 835 (1) (punctuation omitted); *see* OCGA § 16-10-24 (b) ("Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties by offering or doing violence to the person of such officer or legally authorized person shall be guilty of a felony . . . .").

[11] The video from Officer Jones's dashboard camera shows him attempting to enter the passenger side of Stringer's vehicle as it drives away. The video from the officer's body camera—while certainly consistent with a struggle given the noise and

8

misdemeanor obstruction as a lesser-included offense of felony obstruction, Stringer failed to meet one of the required elements of the test for showing plain error—*i.e.*, that the error infringed on his substantial rights by affecting the outcome of the trial proceedings.[12] Indeed, in light of the strong evidence supporting Stringer's conviction on felony obstruction, he was unable to show that failing to give the requested instruction on a lesser-included offense likely affected the jury's verdict of guilt for this offense.[13]

2. Stringer also challenges the sufficiency of the evidence supporting his conviction for possession of less than an ounce of marijuana. Specifically, he argues

---

jarring lack of focus—is inconclusive as to what occurred in the time period between Officer Jones attempting to enter the vehicle and the vehicle hitting the curb.

[12] *See supra* note 5 & accompanying text.

[13] *See Dupree v. State*, 303 Ga. 885, 888-89 (2) (815 SE2d 899) (2018) (holding that given the strong evidence of defendant's guilt of the offense of burglary, he did not demonstrate that failing to give the requested instruction on a lesser included offense of theft by taking likely affected the jury's verdict of guilt); *see also Miles v. State*, 362 Ga. App. 288, 294 (1) (868 SE2d 262) (2022) (concluding that because a trial court never errs in failing to instruct the jury on a lesser-included offense when there is no written request to so charge, there was no reversible error, and when there was no reversible error, it follows that there could be no plain error either).

the State failed to submit evidence that testing of the substance found in his vehicle confirmed it was, in fact, marijuana. This contention likewise lacks merit.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[14] And in evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but "only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt."[15] The jury's verdict will be upheld, then, so long as there is "some competent evidence, even though contradicted, to support each fact necessary to make out the State's case."[16] With these guiding principles in mind, we turn to Stringer's specific challenge.

---

[14] *See English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010) (noting that following conviction, an appellant no longer enjoys a presumption of innocence).

[15] *Jones v. State*, 318 Ga. App. 26, 29 (1) (733 SE2d 72) (2012) (punctuation omitted); *see Jackson v. Virginia*, 443 U.S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (noting that the relevant question is, after viewing the evidence in the light most favorable to the prosecution, could any rational jury found the essential elements of the crime beyond a reasonable doubt).

[16] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (punctuation omitted).

The Supreme Court of Georgia has held that "expert testimony is not necessary to identify a substance, including drugs."[17] So, even if police officers are not formally tendered as expert witnesses, if "an adequate foundation is laid with respect to their experience and training, their testimony regarding narcotics is properly admitted."[18] And in this case, during the trial, the State called Camilla police officer Amneh Laursen as one of its witnesses. Without objection, Officer Laursen testified that she was a certified marijuana tester, and then went on to explain that her testing was done to confirm the substance being tested contained the required amounts of tetrohydrocannabinol—more commonly referred to as "THC." She ultimately testified that her testing of the substance found in Stringer's vehicle confirmed it was marijuana. Additionally, during the traffic stop, Stringer admitted to smoking marijuana earlier in the evening and conceded that marijuana would possibly be found in a search of his vehicle. As a result, the evidence was sufficient to authorize

[17] *Holmes v. State*, 303 Ga. 143, 145 (1) (800 SE2d 353) (2017) (punctuation omitted); *accord Dulcio v. State*, 297 Ga. App. 600, 601 (1) (677 SE2d 758) (2009).

[18] *Holmes*, 303 Ga. at 145 (1) (punctuation omitted); *accord Dulcio*, 297 Ga. App. at 601 (1).

a rational trier of fact to find Stringer guilty beyond a reasonable doubt of misdemeanor marijuana possession.[19]

For all these reasons, we affirm Stringer's convictions and the denial of his motion for new trial.

*Judgment affirmed. Rickman and Pipkin, JJ., concur.*

---

[19] *See Holmes*, 303 Ga. at 145-46 (1) (holding that police officer's testimony that field-tested substance and determined it to be marijuana was sufficient evidence support defendant's conviction on charge of misdemeanor marijuana possession); *Dulcio*, 297 Ga. App. at 601-02 (1) (holding that police officer's testimony that based on his experience the substance found was marijuana as well as defendant's acknowledgment that substance was marijuana was sufficient evidence to support defendant's conviction of possession of marijuana).