In the Supreme Court of Georgia

Decided: April 26, 2016

S16A0278. GRAY v. THE STATE.

BLACKWELL, Justice.

Carlisha Gray was tried by a Fulton County jury and convicted of murder and several other crimes related to the killing of Marcus Jones. Gray appeals, contending that the trial court erred when it refused to excuse a prospective juror for cause and when it applied an incorrect standard to the general grounds of Gray's motion for new trial. We find no error, and we affirm Gray's convictions.[1]

---

[1] Jones was killed on February 22, 2006. Gray and her codefendant, Terrance Conyers, were indicted on February 29, 2008 and charged with malice murder, felony murder, aggravated assault, and the unlawful possession of a firearm during the commission of a crime. In addition, Gray alone was charged with criminal solicitation to commit an aggravated assault. Gray and Conyers were tried jointly, beginning on September 15, 2008, but Conyers pled guilty to murder on the fourth day of trial, and Gray's trial continued without him. The jury returned its verdict on September 24, 2008, finding Gray guilty of all charges. The next day, the trial court sentenced Gray to imprisonment for life for malice murder, a consecutive term of imprisonment for five years for the unlawful possession of a firearm during the commission of a crime, and a consecutive term of imprisonment for five years for criminal solicitation. The verdict as to felony murder was vacated by operation of law, and the aggravated assault merged into the malice murder. See Malcolm v. State, 263 Ga. 369, 371-374 (4-5) (434 SE2d 479) (1993). (Gray asserts that the trial court erred when it "failed to vacate" the felony murder and instead purported to "merge" it with the malice

1. Viewed in the light most favorable to the verdict, the evidence shows that Jones was a drug dealer in an area of downtown Atlanta in which Gray was also selling drugs. In late February, 2006, Jones and Gray were involved in an altercation that culminated in Jones slapping Gray in the face. Over the next few days, Gray plotted against Jones and offered to pay several people to hurt him. Around 2:30 on the morning of February 22, Gray and Terrance Conyers approached Jones while he was selling drugs near the Garnett MARTA station, and Conyers shot Jones in front of several witnesses. Later that morning, Conyers admitted to his girlfriend that he had killed someone.

In her motion for new trial, Gray asserted that the verdict was "decidedly and strongly against the weight of the evidence" and "contrary to the law and the principles of justice and equity." See OCGA §§ 5-5-20 and 5-5-21. When Gray amended her motion for new trial, however, she modified this claim, arguing

murder. But because the felony murder was vacated by operation of law, Gray was not harmed when the trial court erroneously cited merger as the reason that it was not sentencing her for felony murder.) Gray timely filed a motion for new trial on September 29, 2008, and she amended it on December 21, 2012. The trial court denied Gray's motion for new trial on April 3, 2013, Gray filed a motion to pursue an out-of-time appeal on December 5, 2014, and the trial court granted that motion on December 19, 2014. Gray timely filed a notice of appeal on January 8, 2015, and the case was docketed in this Court for the January 2016 term and submitted for decision on the briefs.

only that "[t]he evidence was insufficient to support [her] conviction." And at the hearing on Gray's motion for new trial, she clarified that she was solely arguing the points raised in her amended motion, she repeatedly stated that her claim was that the evidence was insufficient to support her convictions, and she never argued that the verdict was strongly against the weight of the evidence or contrary to evidence and the principles of justice and equity.[2] Cf. Allen v. State, 296 Ga. 738, 741 (2) (770 SE2d 625) (2015) ("during the hearing on the motion for new trial, the court's attention was specifically called to OCGA §§ 5-5-20 and 5-5-21, and . . . consideration of the general grounds thereunder involved different issues than merely the sufficiency of the evidence"). Gray cannot now be heard to complain that the trial court failed to exercise its discretion under OCGA §§ 5-5-20 and 5-5-21. See Slaton v. State, 296 Ga. 122, 125 (2) (765 SE2d 332) (2014) ("[t]his is not a case in which this Court is required to remand these issues to the trial court for determination, given Slaton's failure to argue the general grounds at the hearing on the motion for new trial" and his indication "that he was arguing only the sufficiency of the evidence").

---

[2] Gray's argument on sufficiency at the hearing was that no one saw her with a gun or claimed that she shot the victim and that the evidence was only that she wanted the victim to be "beat up" and not killed.

As to the legal sufficiency of the evidence, we conclude that it was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Gray was guilty of the crimes of which she was convicted, either directly or as a party to the crime. See Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979); Powell v. State, 291 Ga. 743, 744 (1) (733 SE2d 294) (2012) ("[a] person who does not directly commit a crime may be convicted upon proof that a crime was committed and that person was a party to it") (citations and punctuation omitted). See also OCGA § 16-2-20 (b) (defining parties to a crime).

2. Gray argues that the trial court erred when it refused to excuse a prospective juror for cause based upon his inability to properly apply the law concerning the burden of proof. For a prospective juror to be excused for cause, it must be shown that he "holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." Brockman v. State, 292 Ga. 707, 721 (9) (739 SE2d 332) (2013). Every prospective juror is assumed to be impartial, the burden of proving partiality is on the party seeking disqualification, and the trial court's

4

exercise of its discretion about whether to strike a juror "will not be set aside absent a manifest abuse of discretion." Brown v. State, 295 Ga. 804, 808 (4) (764 SE2d 376) (2014).[3]

Here, during initial questioning of all the prospective jurors, one of them indicated that he would not "be able to reconcile" with the principle that "the defense doesn't have to do anything with respect to this case" and that he anticipated that the defense would, in fact, put up evidence in the case. During individual voir dire, the prospective juror reiterated that he would be inclined to believe someone was guilty if she did not put up any evidence in her defense, and he said that it "would be hard" for him to reach a verdict of not guilty in such a situation, even if the evidence presented by the State did not prove guilt. When the trial court asked if the juror would really find someone guilty "even though [he] didn't feel like the State had proven [its] burden," the prospective

---

[3] The prospective juror at issue was ultimately not selected to serve on the jury, and it is not clear from the record whether he was struck by Gray, her codefendant, or the State. Although a defendant is entitled to a full panel of qualified jurors, she suffers no harm if the removal of a juror does not cost her a peremptory strike. See Nwakanma v. State, 296 Ga. 493, 500 (5) (768 SE2d 503) (2015). Here, however, the State appears to concede that Gray was required to use one of her peremptory strikes to remove the prospective juror at issue, so we consider the merits of her claim that the trial court erred when it refused to strike the juror for cause.

juror responded only that he would have to "think about it." But after the burden of proof was explained to the prospective juror, he agreed that he would "have to listen to all the evidence before [he] made a decision" about Gray's guilt. In addition, the juror had previously agreed — and never disputed — that he had no opinion "in regard to the guilt . . . of the accused," that he had no "prejudice or bias . . . either for or against the accused," and that his "mind [was] perfectly impartial between the State and the accused."

The only issue about which the prospective juror expressed confusion was whether Gray was required to produce any evidence of her own. When the burden of proof was explained to the juror, he was rehabilitated by the court. At that point, Gray asked no further questions to inquire whether the prospective juror's rehabilitation was only illusory or the extent, if any, to which he still held a belief that a defendant ought to present evidence. The trial court was particularly well suited to determine if the prospective juror was merely confused about the burden of proof and capable of rehabilitation, on the one hand, or biased against Gray in a way that could not be cured, on the other. See Brown, 295 Ga. at 808-809 (4) ("[a] conclusion on an issue of bias is based on findings of demeanor and credibility[,] which are peculiarly in the trial court's

6

province, and those findings are to be given deference") (citation omitted). We previously have held — looking to the voir dire of a prospective juror as a whole (and not just to isolated portions of the voir dire) — that a trial court does not abuse its discretion when it fails to strike someone who initially expresses confusion about the burden of proof. See Thorpe v. State, 285 Ga. 604, 607 (3) (b) (678 SE2d 913) (2009); see also Anthony v. State, ___ Ga. ___ (3) (Case No. S16A0059, decided April 4, 2016). The trial court acted within its discretion when it found that the prospective juror in this case had only been confused about the burden of proof, and it did not err when it refused to strike the prospective juror for cause. See Thorpe, 285 Ga. at 606 (3) ("An appellate court should not substitute its own finding for that of the trial court, since it must pay deference to the trial court's determination. This deference encompasses the trial court's resolution of any equivocations and conflicts in the prospective jurors' responses on voir dire.").

Judgment affirmed. All the Justices concur.