300 Ga. 892
FINAL COPY

S17A0288. RICHMOND v. THE STATE.

BLACKWELL, Justice.

Jamell Amone Richmond was tried by a Gwinnett County jury, and he was convicted of the murder of Demarcus Collins, an aggravated assault upon Monica Tamez, and the unlawful possession of a firearm during the commission of a felony. Richmond appeals, contending that the evidence is legally insufficient to sustain his convictions. Upon our review of the record and briefs, we see no reversible error, and we affirm.[1]

---

[1] The crimes were committed on January 31, 2012. On April 25, 2012, a Gwinnett County grand jury indicted Richmond and charged him with malice murder, felony murder, armed robbery, five counts of aggravated assault, and the unlawful possession of a firearm during the commission of a felony. The armed robbery and two of the aggravated assault counts later were dismissed by nolle prosequi. Richmond's trial began on June 23, 2014, and the jury returned its verdict on June 26, finding Richmond guilty on all counts. The trial court sentenced Richmond to imprisonment for life without the possibility of parole for malice murder, a concurrent term of imprisonment for twenty years for the aggravated assault of Tamez, and a consecutive term of imprisonment for five years for the unlawful possession of a firearm during the commission of a felony. The remaining aggravated assaults merged, and the verdict as to felony murder was vacated by operation of law. See Malcolm v. State, 263 Ga. 369, 371-374 (4), (5) (434 SE2d 479) (1993). (Richmond asserts that the trial court erred because it purported to "merge" the felony murder with the malice murder. But because the felony murder was vacated by operation of law, Richmond was not harmed when the trial court erroneously cited merger as the reason that it was not sentencing him for felony murder. See Gray v. State, 298 Ga. 885, n. 1 (785 SE2d 517) (2016).) Richmond timely filed a

Viewed in the light most favorable to the verdict, the evidence shows that Richmond was living in a house near Lilburn with Collins, Tamez, and Dekiro Kirkland. During the late-evening hours of January 30, 2012, Richmond and Collins argued about a gun that Richmond claimed Collins had taken from Richmond's brother. Collins and Tamez then went to a bar, and they returned in the early-morning hours of January 31. While Collins, Tamez, Kirkland, and a few guests were playing video games, Richmond went into the bathroom, and he emerged wearing a ski mask and brandishing a small handgun. Richmond shot Collins in the back of the head and then shot Tamez in the right side of her face. Collins was killed, but Tamez — who pretended to be dead — survived.

Immediately after the shooting, Richmond was highly agitated, saying that he should kill himself or that "he might as well go ahead and kill everybody else [in the house] because he kn[e]w he already had a murder rap on him." Kirkland was able to get Richmond to calm down, and Richmond told houseguest Deborah Wilson that he loved her and would never hurt her. Richmond

motion for new trial on July 1, 2014, and he amended it on June 25, 2015. The trial court denied his motion on July 27, 2015, and Richmond timely filed a notice of appeal on August 25, 2015. His appeal was docketed in this Court for the term beginning in December 2016 and submitted for decision on the briefs.

2

remained in the house for at least another ten minutes, during which time he took off the mask and paced around the house. Ultimately, Kirkland was able to persuade Richmond to leave so that an ambulance could be called. At trial, Tamez, Kirkland, and Wilson each identified Richmond as the shooter.

Richmond claims that the evidence is legally insufficient to sustain his convictions, and he points to evidence that cast doubt upon the testimony of Tamez, Kirkland, and Wilson. "As we have explained before, however, it is the role of the jury to resolve conflicts in the evidence and to determine the credibility of witnesses, and the resolution of such conflicts adversely to the defendant does not render the evidence insufficient." Merritt v. State, 292 Ga. 327, 330 (1) (737 SE2d 673) (2013) (citation and punctuation omitted). The evidence presented at trial was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Richmond was guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

Judgment affirmed. All the Justices concur.

Decided April 17, 2017.

3

Murder. Gwinnett Superior Court. Before Judge Hamil.

Brown & Gill, Angela B. Dillon, for appellant.

Daniel J. Porter, District Attorney, Christopher M. Quinn, Nigel R. Lush, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General, for appellee.